No. 6.—HILLSBERRY R. HARRISON *et al.* plaintiffs in error, *vs.* HENRY HENDERSON, defendant in error.

[1] A witness testifying by commission, will not be permitted to testify in explanation of a mistake stated by him to have been made upon a previous examination, when the testimony containing the mistake is not itself in evidence.

[2.] In a suit between A and B, the defendant B, to sustain a plea of payment, proved the admissions of the plaintiff A, that his notes against B were paid, or would be, when they could have a settlement. Plaintiff, in rebuttal, tendered in evidence the record of a suit and judgment in his favor against defendant, instituted subsequent to the time of his admissions as to payment, founded on claims held by him against defendant : *Held,* that the record was admissible, as raising a presumption against the payment of the notes now sued on, to be judged of by the Jury, under the instructions of the Court.

[2.] To rebut the evidence of payment, founded on the above admissions of the plaintiff, the plaintiff tendered a letter to him from the defendant, dated subsequent to his alleged admissions, in which the defendant admits indebtedness in the body of the letter; a *postscript* to the letter, which does not appear to relate to the admissions in the body but to some other subject matter, was mutilated by tearing : *Held,* that the letter and *postscript* were properly sent to the Jury for their consideration, without explanatory proof by the plaintiff.

Debt, in Coweta Superior Court. Tried before Judge HILL. March Term, 1852.

This was an action of debt, brought by Henry Henderson, against Hillsberry R. Harrison, and Britain Sims, sen. as security, on a promissory note for $800 principal, dated the 15th day of January, 1842, and due " one day after date."

The defendant filed the plea of set-off and payment.

On the trial, the plaintiff introduced the note in evidence, and closed his case.

The defendant then opened his defence, and introduced the testimony of John S. Floyd, taken by commission, who swore : " That he heard plaintiff say that he considered the note paid off, or would be when plaintiff and Harrison could have a set-

tlement." The defendant then sought to read the further testimony of Floyd, for the purpose of explaining his answers to a set of interrogatories previously taken out for him by the plaintiff, in which he stated that the conversation, about which he testified, occurred in the year 1842. The witness stating in his answers to the second set of interrogatories, which were taken out by the defendant, " that he had made a mistake as to the time, in his first answer—that the conversation occurred in the year 1843, and not 1842."

Counsel for the plaintiff objected to the reading of that portion of the answers of the witness.

The Court sustained the objection, and counsel for defendant excepted.

Counsel for plaintiff then proposed to withdraw his cross interrogatories to the witness—which the Court allowed, and counsel for defendant excepted.

Counsel for defendant then offered in evidence the record of a former case, brought by the plaintiff against the defendant, Hillsberry R. Harrison, for the recovery of several promissory notes given by Harrison to the plaintiff, and returnable to the September Term, 1843, of Coweta Superior Court. On the writ in said case, Harrison " acknowledged service, waived process," &c. on the 14th August, 1843, and judgment was rendered thereon, on the 1st September, 1845.

The Court admitted the record, and counsel for defendant excepted.

Counsel for plaintiff then proposed to read in evidence, a letter written by Harrison to the plaintiff, dated " Newnan, Nov. 29th, 1842," in which he asked Henderson "to indulge him some time longer in what he owed him," &c. To the reading of this letter, counsel for the defendant objected, on the ground that it was mutilated. It appeared that a postscript appended to the letter was mutilated, but the body of the letter was whole and entire.

The Court overruled the objection, and counsel for defendant excepted, and upon these several exceptions, have assigned error.

Jno. L. Stephens, for plaintiff in error.

Ray & Hammond, for defendant in error.

*By the Court.*—Nisbet, J. delivering the opinion.

[1.] We do not consider that there is error in any of the assignments of the plaintiff. The witness *Floyd*, it seems, was examined by the parties three times; twice by the defendant below, and once by the plaintiff. The only testimony read on the trial, elicited from him, was taken on a commission sued out by the defendant *Harrison.* In the answer to one of the interrogatories, he undertakes to correct a mistake which he says he made upon his examination by the plaintiff, as to the year in which certain admissions were made by the plaintiff, relative to his claims upon the defendant. The explanation was excluded by the presiding Judge, and this ruling is assigned for error. It was correctly excluded, because the testimony which involved the mistake had not been read to the Jury, nor was it read at any time on the trial; there was therefore no mistake before the Jury to be corrected. The proposed explanations were wholly irrelevant to any issue made on the trial, and for that reason were inadmissible. They were *outside* the case; the Court was not sitting to hear explanations about statements not in evidence; so far as the explanation was necessary to the witness as a personal privilege, it was sufficiently made; the mistake was on file, in interrogatories sued out in the cause, so also was the correction.

[2.] The defendant, in support of his plea of payment, had proven that the plaintiff in the year 1842, had said, that he considered that his notes on the defendant were paid, or would be, when he and defendant could have a settlement. To rebut the presumption of payment thus raised, the plaintiff tendered the record of a suit and judgment therein, in his favor, against the defendant, upon promissory notes, instituted after the time when the admissions of the plaintiff were made. The Court admit-

ted this record, and the defendant excepted.   It was competent in rebuttal for the purpose of removing the presumption of payment.   There arises a presumption that there was not a settlement of all the notes held by the plaintiff against the defendant in 1842, and among them the note now sued on, from the fact that subsequent to that time, the plaintiff had sued the defendant on claims against him, and obtained judgment thereon.   It is but a presumption—the record could not disprove the settlement conclusively—but was competent, and it was the duty of the Jury under instructions from the Court, to give to it such effect only, as it was legally entitled to receive.   We have no reason to believe from this record, but that both Court and Jury did their duty according to law.

[3.] The letter was admissible also in rebuttal, as containing admissions of indebtedness subsequent to the time when plaintiff was proved to have admitted a payment.   The objection to its admission, grows out of its alleged mutilation.   The admissions of the defendant are contained in the body of the letter, which is unmutilated and signed.   A *postscript* is mutilated; one-half of it being torn off; upon inspection, it is not perceivable that the *postscript* contained any explanations of, or reference to the admissions in the body of the letter.   It is true, as claimed by the learned counsel for the defendant in error, that every *alteration* on the face of an instrument is ground of suspicion, and detracts from its credit; and it is true too, that ordinarily, the party adducing the paper in evidence, is held to remove this suspicion by explanatory proofs, but not always; for some alterations explain themselves,   We do not hold, however, that there is any alteration here; the *body* of the letter is entire, and perfectly intelligible ; the *postscript* is a part of the letter, but there is nothing intelligible in it which refers to the admissions in the letter.   On the contrary, so far as it is intelligible, it seems to relate to a different subject matter.   It was proper, we think, to leave the letter and the *postscript* to the Jury.   *Greenleaf's Evidence,* §564 *and notes.*

Let the judgment below be affirmed.