## McBRAYER *v.* WALKER *et al.*

1. A deed is presumed to have been delivered on the day it bears date. There is no presumption that after the delivery the grantor had access thereto or could make indorsements thereon.
2. In an action of ejectment where the plaintiff relies on a deed coming from his own possession, the opposite party may, without proof of its execution, rely upon an indorsement, memorandum, or entry on the back of the deed.

3. In the present case the face of the deed showed title in the plaintiff. The entry on the back of the deed showed that it was void as title, because made as part of a usurious debt. The burden was upon the plaintiff to explain the entry, and not upon the defendants to prove its execution.

4. There was no error in any of the rulings complained of, which was harmful to the plaintiff. The verdict for the defendants was supported, if not demanded, by the evidence, and the judge properly refused to grant a new trial.

Argued February 11,—Decided March 4, 1905.

Complaint for land. Before Judge Freeman. Carroll superior court. June 16, 1904.

P. P. McBrayer, administrator of A. E. McBrayer, brought an action against J. L. Walker, Willard Walker, and Dave Griffin, for the recovery of lot 282 in the 6th district of Carroll county, alleging, that all the defendants were in possession; that J. L. Walker, on January 24, 1873, conveyed the land to A. E. McBrayer; that the latter permitted Walker and the other defendants to remain in possession; that Willard Walker and Dave Griffin were in possession under J. L. Walker. The defendants denied the allegations in the petition, except the fact that they were in possession of the land. They admitted that J. L. Walker had made an instrument in reference to the land, but they claimed that it was a mortgage and did not convey title, or, if it attempted to convey title, it was void as such, because made to secure a usurious debt. On the trial the plaintiff offered a deed dated January 24, 1877, from J. L. Walker to A. E. McBrayer, purporting to convey the land in consideration of $998. It was signed by J. L. Walker, in the presence of Wilson Furr and C. W. Furr. Both the witnesses made an affidavit to probate the deed so as to admit it to record. That by C. W. Furr was dated March 4, 1874. The affidavit by Wilson Furr was made February 19, 1874. The deed was recorded in Book "N," folio 275, March 5, 1874. Just below the entry of record of the deed in the clerk's office was the following:

The condition of the within deed is such that whereas the said J. L. Walker has this day given A. E. McBrayer his promissory note for $988: if the said J. L. Walker shall well and truly pay the said $988 with 20% interest, then this deed to be null and void; otherwise to remain of full force and virtue.

Wilson Furr.                                                                J. L. Walker.

Both of the probating affidavits were in the usual form, and both were recorded after the instrument last recited. It appeared that A. E. McBrayer, had been dead ten or fifteen years; that his heirs had divided the estate without administration: and that on December 1, 1902, letters of administration were issued to the plaintiff. The defendants relied on the entry on the back of the deed, which was the same as that copied above, except it was signed A. E. McBrayer, and not J. L. Walker, as appeared on the record in the clerk's office. Over the objection of the plaintiff, the defendants offered the record of the suit by A. E. McBrayer v. J. L. Walker, brought on a paper of which the following is a copy: "Due A. E. McBrayer or bearer the sum of $988.00, for value received, to run at 20%. This the 24th day of January, 1873. J. L. Walker." This record showed that on October 6, 1874, judgment was rendered for the plaintiff against the defendant for $988 principal, and $334.81 interest. The plaintiff objected to this evidence, on the ground that this was a suit on a due-bill, and there was nothing to connect that debt with the one referred to on the back of the deed, which was there called a promissory note. The plaintiff also objected to the introduction of the writing on the back of the deed, for the reason that its execution was not proved, nor did it appear when it was made; that it may have been entered after the execution of the deed, and if so, a subsequent agreement to pay usury would not void a valid deed previously made. There was evidence that A. E. McBrayer was very old and infirm, and wrote with difficulty. Some of the witnesses were unable to say whether the signature to the writing on the back of the deed was genuine or not. Others stated positively that it was not his signature. There was evidence that Wilson Furr was dead, and that the signature beneath the writing on the back of the deed was his genuine signature; but the plaintiff contended that this did not amount to proof of the execution of the instrument, as there was no recital that Furr was a witness. There was evidence from the attorney who represented A. E. McBrayer in the suit against J. L. Walker, that A. E. McBrayer had told him that the note or due-bill for $988, sued to judgment, was for the purchase-money of the land sued for; that Walker borrowed the money from Wilson Furr, and that "McBrayer traded Furr the place for the note,

which was afterwards renewed to McBrayer." Plaintiff objected to this evidence, because it further appeared that the information was communicated by McBrayer to the witness who was then his attorney. The court instructed the jury that if the writing on the back of the deed was signed by A. E. McBrayer, or if he ratified and approved the same, the plaintiff could not recover. The jury found a verdict for the defendants. The plaintiff made a motion for a new trial, which was overruled, and he excepted.

*James Beall* and *Griffith & Weatherly*, for plaintiff.
*J. M. Moore* and *W. F. Brown*, for defendants.

LAMAR, J. (After stating the foregoing facts.) The plaintiff relied on the face of the deed, which purported to convey title in fee simple. The defendants relied upon an entry on the back of the deed, apparently signed by the grantee, and showing that the deed was given as security for a debt which was infected with usury. The plaintiff insists that the defendants failed to prove the signature of the grantee, or otherwise to establish the execution or date of this entry. He contends that, they having failed to carry the burden of proving the genuineness of the signature, the verdict in their favor is without evidence to support it. The presumption is that the deed was delivered on the day it bore date, and remained in the possession or control of the grantee or his successors. Coming thus from his possession, when he offered the same in evidence he vouched not only for the face of the instrument but made the paper and all self-disserving statements thereon admissible for the opposite party, without other proof than the fact that they formed a part of the document produced by his adversary. See Civil Code, § 5243. Of course entries irrelevant to the issue would be inadmissible. So, too, entries favorable to the person producing a document would have to be properly proved. Entries unfavorable to the party producing the paper might be explained, qualified, or nullified. But where one produces a paper and there is found thereon an entry, memorandum, or indorsement favorable to his adversary, the latter may rely on the same as evidence, without further proof of its genuineness. The burden of showing it to be a forgery or alteration void against him is cast by law upon the party who offers the document containing such self-disserving

entry. See Civil Code, § 5242. The cases involving this question are comparatively rare. A number of decisions may be found which recognize that credits appearing on the back of a note may be relied on by the defendant, but, being in the nature of receipts, may be explained by the holder. In *Harrison* v. *Henderson,* 12 *Ga.* 22, an unsigned postscript to a letter was admitted. In Daglish *v.* Dodd, 5 C. & P. 238, an entry on the back of a letter and in a different handwriting was allowed to be used by the party against whom the letter itself had been offered, the court saying, "You produced the paper; and if you put it in, the other side have the right to have the whole of it read." So in Clark *v.* Ray, 1 Har. & John. (Md.) 323, an agreement was offered. On the back of the paper was a subsequent agreement differently signed, but the same was admissible against the party by whom the original had been offered. See also *Pearson* v. *Forsyth,* 61 *Ga.* 537; *Wooten* v. *Nall,* 18 *Ga.* 616; 1 Whart. Ev. (3d ed.) § 619. While these separate entries may not, strictly speaking, be "a part of the document," yet they come within the principle of the Civil Code, § 4241, that where either party introduces a part of a document, the opposite party, without further proof of execution, may read so much of the balance as is relevant.

The fact that the record shows that the entry was signed by the grantor instead of by the grantee may have been a clerical error. But it does not change the fact that the deed produced bore what purported to be the signature of A. E. McBrayer, the grantee. The explanation as to his age, the difficulty with which he wrote, the fact that the date and the amounts named in the due-bill coincided with the date and the amounts named in the face of the deed which had long been in the possession of the plaintiff, amply sustained, if they did not demand, a finding that the deed was void as title, because of the twenty per cent. interest charged. If the usurious contract was made subsequently to the presumed date of delivery, it was incumbent upon the plaintiff to establish that fact. The evidence of the attorney was probably inadmissible; but as far as it went it was helpful to the plaintiff, tending as it did to establish a sale and not a loan. Its exclusion could not have changed the result. The defendants insist that under the Civil Code, § 5000, there could be no recovery against one of them where the evidence failed to establish the

plaintiff's right to recover against the other two — especially where there is nothing to indicate the amount of their several interests. The verdict being sustained, and there being no error harmful to the plaintiff, it is needless to consider this point.

*Judgment affirmed. All the Justices concur.*