14906.   COLLEY *et al.* v. ATLANTA & WEST POINT RAILROAD CO.

STEPHENS, J.   1.   Where a deed is recorded, it has presumably been de-
livered.   In the absence of anything to the contrary, title under a
delivered deed presumably passed on the date of the execution of the
deed, although the land conveyed thereby is still in the possession of the
grantor.   *Watkins* v. *Nugen*, 118 *Ga.* 372 (45 S. E. 262); *Beard* v.
*White*, 120 *Ga.* 1018 (48 S. E. 400); *McBrayer* v. *Walker*, 122 *Ga.* 245
(50 S. E. 95); *Shelton* v. *Edenfield*, 148 *Ga.* 128 (96 S. E. 3); 8 R. C.
L. 1014, and cases there cited.

2.   In this case the grantee of the land, who acquired title on the date
of the execution of the deed, necessarily acquired the land free and not
incumbered with any easement therein which the grantor may have
sought afterwards to convey to a third person before the grantor re-
linquished possession, such as the exclusive right to take water from
a certain spring on the land at a stipulated monthly rental.   And since
the grantee acquired the land unincumbered by the purported easement
to take water from the spring, the grantee necessarily acquired no right
to collect out of the grantee of the water rights the amount contracted
to be paid by the grantee of the water rights as monthly rental for the
water.

3.   Where the grantee of the title to the land, after acquiring possession,
brought suit against the grantee of the water rights, who was continu-
ing to take water from the land, to recover in one count upon the de-
fendant's contract to pay to the original owner a certain sum monthly
for the exclusive right to take water from the land, and where, upon
the application of the above rulings, the evidence failed to establish any
right in the plaintiff under the contract sued on, a verdict for the de-
fendant, in so far as this count in the petition was concerned, was
properly directed.

4.   A grant is to be construed most strongly against the grantor.   Where
a clause in a deed which conveys certain lands to the grantee provides
that "the said [grantee] shall have the privilege to lay down fixtures
for conveying water from a spring or branch on the east side of said
line to the depot grounds, and also of entering the land for repairing
the same," the grant will be construed as giving to the grantee therein
the right to take the water in perpetuity and without any additional
pay therefor from the grantor's adjoining land which this clause in the
deed incumbers with an easement of the water rights.

5.   Where the plaintiff sought in the same action, but in another count,
to recover in quantum valebat against the same defendant the alleged
value of the water which the defendant had continued to take from
the plaintiff's land, and where it appears from the evidence that the
defendant was the successor in title to the grantee of the deed referred
to in paragraph 4 above, and that the plaintiff was the successor in
title to the grantor therein, the defendant was entitled to the water
taken from the plaintiff's land, and the plaintiff had no right to recover
the value thereof.   A verdict for the defendant, therefore, in so far as
this count was concerned, was properly directed.

6. The verdict for the defendant was properly directed as to both counts of the petition.

> *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*
>
> DECIDED SEPTEMBER 25, 1924.

Complaint; from Troup superior court—Judge Roop. February 1, 1923.

*M. U. Mooty,* for plaintiffs.

*Dorsey, Brewster, Howell & Heyman, A. H. Thompson,* for defendant.