Ralston *vs.* Boady.

---

20 | 449
118 | 873
20 | 449
126 | 726

No. 82.—JAMES A. RALSTON, plaintiff in error, *vs.* ELIZABETH BOADY, defendant.

[1.] If a house be let to a woman of ill fame, knowing her to be such, with intent that it shall be used for the purposes of prostitution, the landlord cannot recover the rent; the bare knowledge that it may be probably so used, will not defeat the action.

Debt for rent.  Bibb Co.  Tried before Judge WORRILL, March Term, 1856.

James A. Ralston brought his action of debt against Elizabeth Boady to recover rent for certain premises in the writ specified.

The defence was, that said premises were rented from the plaintiff by the defendant for the purposes of prostitution; i. e. for illicit intercourse between the sexes, and that the same was done with knowledge of the plaintiff, at the time of the contract of rent, contrary to public policy.

Testimony was offered by the defendant in support of this plea; at the close of which, the Court charged the Jury—

" That if, at the time the plaintiff rented the houses—for which rent is charged to the defendant—he knew they were to be occupied for the purposes of prostitution, and as lewd houses for the practice of fornication and adultery, the contract was illegal and void, and the plaintiff could not recover for the rent."

To which charge, plaintiff's Counsel excepted and assigns the same as error.

LAMAR & LOCHRANE, for plaintiff in error.

MILLER & HALL, *contra.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] It is penal by the laws of this State to keep a brothel. And if the landlord, knowing that his house is to be used for prostitution, *lets it for that purpose,* he becomes *particeps criminis,* and the Courts will not assist him in recovering his rents. The contract being *contra bonos mores,* will not support an action. (*Girardy vs. Richardson,* 1 *Esp. Rep.* 13; *Jennings vs. Throgmorton,* 21 *E. C. L. Rep.* 430; *Commonwealth vs. Harrington,* 3 *Pick. Rep..* 26.)

Had the Court charged the Jury, that if they believed from the evidence that the plaintiff let the house to the defendant, a woman of ill fame, and he knowing her to be such, with

the intent that it should be used for the purposes of prostitution, that he could not recover, he would have given the law correctly; and we are not prepared to say but that the proof would have authorized the charge. There must be an agreement, express or implied, that the tenement should be used for an unlawful purpose. And bare proof of a knowledge that it might and probably would be so used, will not, *perhaps*, suffice. Some of the authorities, I find upon examination, go to the full extent of holding that bare knowledge is sufficient, and that the criminal intent will be inferred from the knowledge.

Our ardent young brother, of Counsel for the plaintiff in error, seems to be alarmed lest the doctrine contended for on the other side, if sustained by this Court, would turn out bawds naked and houseless to starve in the streets; that no one dare make or wash clothes, build houses or furnish food or fuel for them. As *women*, they are entitled to eat and drink, dress and be sheltered as others, but no one, at the risk of loss to themselves, must furnish any of these comforts or supplies for the purpose of exciting, encouraging or aiding these harlots to commit a crime. For if they do, and the Jury so find, they will and ought to lose their money. For the maxim, *ex turpi causa non oritur actio*, is as old as the law.