FREDERICK KOESTER SR., et al., v. THE STATE OF KANSAS, ex rel.

PROHIBITORY LAW; *Injunction; Contempt.* Where a landlord leases his premises to a tenant for a term of years at a stated rent, and thereby loses all control over the premises while the tenant is in possession, and subsequently a temporary injunction is granted against him and a sub-tenant, forbidding them from opening or keeping a saloon upon the premises for the sale of intoxicating liquors in violation of law, and afterward, and while the original lessee is in possession of the premises under the lease, a sub-tenant opens a saloon therein and sells intoxicating liquors without having any permit therefor, the mere knowledge of the landlord that his premises are used for the sale of intoxicating liquors in violation of law, and his failure or omission to take steps to avoid the lease, and to reënter the premises, are not sufficient to justify his punishment for contempt for disobedience of the temporary injunction.

*Appeal from Atchison District Court.*

ON June 22, 1886, the following petition (omitting court, title, and verification) was filed in the district court of Atchison county:

"I, J. T. Allensworth, assistant attorney general of the state of Kansas for Atchison county, for and on behalf of the state of Kansas, come now and give to the court the information, that it may be informed and understand that on the first floor of the building commonly known as 105 and 107, North Fifth street, and located on the south thirty-five feet of the north one-half of lots thirteen and fourteen in block fifteen, in 'old Atchison,' a part of the city of Atchison, in Atchison county, Kansas, is a place where spirituous, vinous, fer-

mented, malt and other intoxicating liquors are and have been for several months last past bartered, sold and given away, and where intoxicating liquors are kept for barter, sale and gift, in violation of law; that the said place, in consequence thereof, is a common nuisance to the people of the state of Kansas, and especially to the people of the city of Atchison, in the county of Atchison, in the state of Kansas; that the defendant William T. Temme is the keeper, and maintains and operates said place as a place where spirituous, vinous, fermented, malt and other intoxicating liquors are sold, bartered, and given away, and are kept for sale, barter and gift; that the defendant William T. Temme has no permit, granted or issued by the probate judge of Atchison county, Kansas, authorizing the said defendant William T. Temme to sell, barter, or give away, or keep for barter, sale, or gift, any intoxicating liquors; that the defendant Frederick Koester sr. is the owner of the premises above described, and has full knowledge of the purpose for which said place is being used as a place where intoxicating liquors are sold, bartered, and given away, and are kept for barter, sale and gift, and that the defendant William T. Temme has no permit issued according to law by the probate judge of Atchison county, Kansas, and, knowing the fact, permits the defendant William T. Temme to conduct and carry on the said illegal business therein, and maintain the said common nuisance; that said place is a common nuisance, of great injury to the public, which injury is irreparable, and cannot be compensated in damages.

"Wherefore, the said J. T. Allensworth, as assistant attorney general of the state of Kansas for Atchison county, for and on behalf of the state of Kansas prays:

"*First.* That the premises, to wit, on the first floor of the building commonly known as 105 and 107, North Fifth street, and located on the south thirty-five feet of the north one-half of lots thirteen and fourteen in block fifteen, in 'old Atchison,' a part of the city of Atchison, in Atchison county, Kansas, may be adjudged to be a common nuisance, and that an order may issue directing the sheriff or other proper officer to shut up and abate said place.

"*Second.* That the defendants may be perpetually enjoined from using or permitting to be used the said premises as a place where intoxicating liquors are sold, bartered, or given away, or are kept for barter, sale, or gift, otherwise than by authority of law.

"*Third.* That in the mean time the said defendants may be enjoined until the further order of the court, from keeping open, or permitting to be open, the said first floor of the building commonly known as 105 and 107, North Fifth street, and located on the south thirty-five feet of the north one-half of lots thirteen and fourteen in block fifteen, in 'old Atchison,' a part of the city of Atchison, in Atchison county, Kansas, and from selling, bartering, or giving away, and from keeping for sale, barter, or gift, or use in or about said premises, any malt, vinous, spirituous, fermented, or other intoxicating liquors, and from permitting such liquors to be sold, bartered, or given away, or to be kept for sale, barter, or use, at, in or about said premises.

"*Fourth.* And said J. T. Allensworth, as such assistant attorney general of the state of Kansas for Atchison county, for and on behalf of the state of Kansas prays that such other and further relief may be given as may be warranted by law and the exigencies of the case may require."

On June 28, 1886, the application for a temporary injunction came on for hearing, and thereupon the court granted the temporary injunction against Frederick Koester sr. and William T. Temme, the defendants; and the following order was made:

"It is therefore ordered, adjudged and decreed by the court, that said defendants and each of them, be and they are hereby restrained and enjoined from keeping or permitting to be open the first floor of the building commonly known as 105 and 107, North Fifth street, and located on the south 35 feet of the north half of lots 13 and 14 in block 15, in old Atchison, a part of the city of Atchison, in Atchison county, Kansas, as a saloon, and from selling, bartering, or giving away, and from keeping for sale, barter, gift and delivery, in and about said premises, any malt, vinous, fermented, spirituous, or other intoxicating liquors, and from permitting such liquors to be sold, bartered, or given away, or kept for sale, barter, gift, or delivery, in and about said premises, without a permit and as authorized by law."

On August 9, 1886, in vacation, a motion was filed on the part of the plaintiff that Frederick Koester sr. be punished for contempt for violating and disobeying the temporary injunction granted against him on June 28th. Thereupon the

court issued an order against said Koester to appear before
him at chambers on August 10, 1886, to show cause why he
should not be punished as for contempt.    The defendant read
in evidence a lease dated June 13, 1883, between himself and
H. S. Taylor, to continue to June 13, 1884, at one hundred
and thirty-five dollars per month in advance, and giving
said Taylor the option of continuing the lease and remaining
in possession of said premises for four years from June 13,
1884.    After the reading of the lease, it was admitted that
the same was in full force and effect, and that H. S. Taylor
was in possession of the premises under the lease, and that
the property therein described was the same property men-
tioned in the petition for the injunction and in the affidavits
read upon the hearing.    On August 16, 1886, the district
judge in vacation made and signed the following order, (omit-
ting court and title:)

" Now on this 10th day of August, 1886, this cause coming
on to be heard before Hon. D. Martin, sole judge of the above
entitled court, at chambers at the court house in the city of
Atchison, in Atchison county, Kansas, in the matter of the
motion of the plaintiff for an order of attachment against the
defendant, Frederick Koester, senior, for violation of the order
of injunction herein, and the state appeared by J. F. Tufts,
assistant attorney general of the state of Kansas for Atchison
county, and the defendant appearing in his own proper person,
and without objecting to want of formal return, and without
making any objection at the time to the authority of the said
judge at chambers, and asking for a continuance of said mat-
ter, the same was accordingly continued by consent of parties
to Saturday, August 14, 1886, at the same place, for further
hearing; and said matter coming on for further hearing upon
the same matter at the same place, upon August 14, 1886, said
plaintiff appearing by J. F. Tufts, its attorney, and defendant
appearing in person and by Everest & Waggener, his attorneys,
and the said judge having heard the evidence and argument of
counsel thereon, and having taken the same under advisement,
the further hearing and decision of said matter was adjourned
until Monday, August 16, 1886, at the same place.    And the
said matters coming on for further consideration and decision,
at the same place, upon August 16th, and the state appearing by

J. F. Tufts, its attorney, and the said Frederick Koester appearing in person and by his attorneys, Everest & Waggener, and said judge being fully advised in the premises, doth find that said Frederick Koester, senior, has violated the order of injunction herein and committed contempt of the order and authority of this court.

"It is therefore ordered that said Frederick Koester, senior, pay a fine of $100 for the use of the state, as well as all costs of this proceeding, taxed at $——; and that he be and is hereby committed to the jail of Atchison county, Kansas, till said fine and costs are paid."

The defendant appeals.

*Everest & Waggener*, for appellant.

*S. B. Bradford*, attorney general, for The State; *Edwin A. Austin*, of counsel.

The opinion of the court was delivered by

HORTON, C. J.: The facts in this case are substantially as follows: Frederick Koester sr. is the owner of a two-story brick building, situated on lots 13 and 14, in block 15, in Atchison city. On June 13, 1883, he rented the premises to Heber S. Taylor for the period of one year, at the rate of one hundred and thirty-five dollars per month, payable in advance, Taylor having the option to continue the lease for four years from its termination, upon the same terms. Afterward Taylor sublet the first floor of the building to William T. Temme, who opened a saloon, and, without having any permit, sold intoxicating liquors therein in violation of law. On June 22, 1886, this action was brought against Koester and Temme to shut up and abate the place. On June 28, 1886, a temporary injunction was granted, restraining them from opening or keeping any saloon in the building for the sale of intoxicating liquors. On August 9, 1886, a motion was filed on the part of the plaintiff asking that Frederick Koester sr. be punished for contempt for violating the injunction granted against him. On the hearing of the motion, it was proved that after the granting of the temporary injunction a party from

St. Joseph, Missouri, reopened a saloon in the room formerly occupied by Temme, and continued to sell intoxicating liquors in violation of the law; that Koester lived within a few blocks of this saloon; that the saloon was open to the public so that any person could enter and see that intoxicating liquors were sold in violation of law. It was also proved that at the time Koester was a subscriber for two Atchison newspapers in which a notice appeared that a St. Joseph man had gone into the saloon business in the Koester building, formerly kept by W. T. Temme. It was admitted upon the hearing by the plaintiff, that the lease of the premises from Koester to Taylor during all said time was in full force and effect, and that Taylor, the lessee, was in possession of the premises under the lease.

I. It is insisted upon the part of the appellant, that the legislature has no right to place any restrictions or limitations upon the sale of intoxicating liquors, if offered for medicinal, scientific or mechanical purposes only, and therefore that the legislature has no right to confine the sale of intoxicating liquors for these purposes to a class of men called druggists. This point was commented upon and disposed of in the *Intoxicating-Liquor Cases*, 25 Kas. 751. In those cases Mr. Justice BREWER, in speaking for the court, said:

" We pass then to the second objection, and that is, that this portion of the statute must be pronounced unconstitutional and void because it is class legislation; because it restricts the privilege of dealing in liquor to one class, the druggists, and thus debars many from engaging in a business which is profitable, and by some desired. This objection is not very strenuously urged, and cannot be sustained. It will not be doubted that the police power of the state is broad enough and strong enough to uphold any reasonable restrictions and limitations on the keeping, use or sale of any substance whose keeping, use or sale involves danger to the general public. The storage of powder or explosive and highly inflammable oils may be forbidden within city limits. The legislature may require railroads to fence their tracks, dangerous machinery to be everywhere inclosed, poisons to be labeled when sold, the practice of any profession requiring skill and knowledge to

be confined to those who have passed a certain examination or pursued a prescribed course of study. By virtue of the same power it may commit the sale of liquor to any particular class of persons which by reason of its special training and habits it may deem peculiarly fit for such duty."

II. We do not think the evidence presented upon the hearing justified the district judge in punishing Koester for contempt. The lease of the premises to Taylor was in full force and effect, and it is conceded that Taylor, as the tenant of Koester, had full possession of the premises. Temme was an occupant under Taylor, and so also was the party from St. Joseph, who reopened the saloon after Temme left. There is no evidence in the record tending to show that Koester leased the premises to Taylor with any knowledge that they would be unlawfully used by the lessee. There is no connection shown between Koester and Temme, or Koester and the person who opened the saloon, after the same was closed by the temporary injunction. By the lease, Koester parted with all control over the premises for the term granted to Taylor. It is true that the sub-lessees, during a part of the term, used the premises in violation of law, but there is no evidence that Koester assented in fact to such use, or in any way advised or participated in the operation of the saloon. There is no evidence that he had any personal control of the saloon, or was in any way interested therein. His rent was neither greater nor less on account of the saloon. (*Crofton v. The State*, 25 Ohio St. 249; *The State v. Pearsall*, 43 Iowa, 630.) The most which the evidence establishes is that after Koester leased his building to Taylor, he had knowledge that from June, 1886, to August of the same year, the lower room thereof was used as a place for the sale of intoxicating liquors, in violation of law, and that he omitted taking any steps to close the saloon or to oust his tenant. He might have taken steps to avoid the lease and reënter the premises. This, perhaps, was his moral duty, but his sanction and consent to the operation of the saloon in the

building, which he had leased, ought not to be inferred from the mere fact of his non-interference with his tenant. Any stranger, having knowledge that a saloon was operated in the building, could have taken steps to close the same. (*The State v. Williams*, 30 N. J. L. 102.)

If Koester had knowingly rented his building as a saloon, or if he had some interest in the operation of the same, or had advised or participated in its operation, a very different case would be before us for our determination. (*The State v. Abrahams*, 6 Iowa, 117; *Abrahams v. The State*, 4 id. 541.)

The order of the district judge will be reversed, and the cause remanded for further proceedings, in accordance with the views herein expressed.

All the Justices concurring.