## WATKINS *et al. v.* NUGEN.

1. The instrument involved in this case was a deed, and not a will.
2. A court of equity will not lend its aid to either party to an executed contract founded upon an immoral or illegal consideration.
3. A deed becomes an executed contract when signed and delivered.   It is not essential that possession should be obtained under it.
4. A deed executed and delivered in consideration of a promise to do an immoral or illegal thing is not a gift, but an executed contract founded upon a consideration.

Submitted July 16, — Decided August 11, 1903.

Equitable petition.  Before Judge Brinson.  Richmond superior court.  October 24, 1902.

*William K. Miller*, for plaintiffs.
*Salem Dutcher*, for defendant.

COBB, J.   This was a suit by Robert S. Watkins and others, claiming to be heirs at law of Wilson Watkins, deceased, to recover from Eliza Nugen a tract of land of which the defendant was alleged to be in possession.   According to the allegations of the petition, Wilson Watkins died in 1902, and in 1897 he executed a paper conveying to the defendant certain described property, to be held by her, "after the expiration of the life-estate herein reserved, in fee simple forever."   This instrument was in the form of a deed and executed as such.   It was made in consideration of the payment of ten dollars "and in consideration of [the grantor's] interest in the said party of the second part."   The paper was duly recorded.   It is alleged that the paper is void, because (1) it is in fact a will and not properly executed as such; (2) it was the result of fraudulent imposition upon the grantor by the defendant, who induced him to believe that the document was a will and not a deed, and was of no effect whatever until after his death, that it provided for her only in case she survived him, and that, notwithstanding the execution of the paper, the grantor would still own the property absolutely; (3) the conveyance is founded upon and is the result of an agreement to do an immoral and illegal thing, to wit, an agreement on the part of the defendant, a married woman, to live contra bonos mores, in open defiance of all public decency and law, in illicit relations for life with the grantor.   The petition alleges that the defendant had been living in such relations with Watkins for several years prior to the execution of the paper, and that

he was induced to sign the paper on account of representations of the defendant that unless he did so she would cease to continue illegal intercourse with him, and that the document was intended to provide for the continuance of further illegal and illicit relations between them, which relations were, in consequence thereof, kept up by her and him to the time of his death. The petition further alleges that by reason of the confidential relations existing between the defendant and Watkins, if any title passed under the conveyance, the same is held in trust for the use of plaintiffs as heirs at law. The prayers were for injunction, cancellation, etc. The court dismissed the petition on demurrer, and plaintiffs excepted.

1. The paper executed by Watkins was not a will, but a deed conveying the property in præsenti, with right of possession postponed until his death. *West* v. *Wright*, 115 *Ga.* 277.

2, 3. It is as well settled as any proposition can be, that neither a court of law nor a court of equity will lend its aid to either party to a contract founded upon an illegal or immoral consideration. If the contract is executed, it will be left to stand; if it be executory, neither party can enforce it. *Howell* v. *Fountain*, 3 *Ga.* 176; *Adams* v. *Barrett*, 5 *Ga.* 404; *Peacock* v. *Terry*, 9 *Ga.* 137, 147; *White* v. *Crew*, 16 *Ga.* 416; *Ralston* v. *Boady*, 20 *Ga.* 449; *Bailey* v. *Milner*, 35 *Ga.* 330; *Bugg* v. *Towner*, 41 *Ga.* 315; *Thompson* v. *Cummings*, 68 *Ga.* 125. In such a case one claiming under a party to the contract as legal representative or heir stands in no better position than the party himself, and the courts will afford him no relief. See *McCleskey* v. *Leadbetter*, 1 *Ga.* 551; *Crosby* v. *DeGraffenreid*, 19 *Ga.* 290; *Beale* v. *Hall*, 22 *Ga.* 432 (8); *Edwards* v. *Kilpatrick*, 70 *Ga.* 328. It is argued, however, that a court of equity will interpose to prevent the enforcement of an executory contract founded upon an illegal or immoral consideration, and that the contract involved in this case was executory. It is contended that a deed does not become an executed contract until possession is obtained under it. Even if counsel's premise be conceded, we do not agree to his conclusion. There is no such thing in Georgia as livery of seisin. A deed is executed by signing and delivery. As was said in *Adams* v. *Barrett*, 5 *Ga.* 415, "The old doctrine of corporal investiture, etc., has no force now, and a deed is a seisin in law. A deed is a contract executed. Even if not recorded, it passes the title, as against the grantor,

'his heirs and devisees." The petition in the present case does not in terms allege that the deed was ever delivered, but this is to be inferred from the allegations. In the copy attached to the petition the deed purports to have been delivered, and it is alleged that it was recorded, and from this a presumption of delivery would arise. See *Ross* v. *Campbell*, 73 *Ga.* 309; *Gordon* v. *Trimmier,* 91 *Ga.* 472; *Bourquin* v. *Bourquin,* 110 *Ga.* 446. "An executed contract is one in which all the parties thereto have performed all the obligations which they have originally assumed. An executory contract is one in which something remains to be done by one or more parties." Civil Code, § 3632. It is expressly alleged in the petition that the defendant is in possession of the land, and that prior to the death of the grantor she performed her part of the contract. The contract was therefore completely executed when the suit was brought, if not before. By the express terms of the deed, possession by the grantee was postponed until after the termination of the life-estate, and, under the allegations of the petition, the defendant acquired possession at the earliest moment after the right to do so accrued. Where a deed is executed and delivered in consideration of future illicit intercourse, and the grantee acquires possession under it, neither the grantor nor his heirs can recover the land. Hill *v.* Freeman, 73 Ala. 200, s. c. 49 Am. Rep. 48, and notes; 2 Devlin on Deeds (2d ed.), § 809.

The allegations as to fraud are too loose and general, even if a court would interpose on this ground to prevent the enforcement of an executed contract based on an agreement to do an immoral thing. It is not alleged what means were used to deceive the grantor, or how he was induced to believe that the contract was not an absolute conveyance. No contract would be set aside on allegations so general as these.

4. Civil Code, § 3573, has no application to such a state of facts as is presented by this petition. That section provides: "If a gift be made for a specific purpose, expressed, or secretly understood, and such purpose is illegal, or from other cause fails or can not be accomplished, the donee shall hold as trustee for the donor or his next of kin." Without undertaking to trace the history of this section, it is sufficient to say that the transaction involved in this case was not a gift. There can be no such thing as a gift founded upon a consideration. Thorn. Gifts, 3; Bisp. Prin. Eq.

(6th ed.) § 66. There may be a gift for an immoral purpose, but a contract based on an illegal consideration is not a gift. Thorn. Gifts, § 119, p. 95. The deed now under consideration is not a gift, but an executed contract founded upon an illegal and immoral consideration. As was said by the able counsel for the defendant in error in his brief, "it is a conveyance upon the set consideration of a vested remainder in consideration of concubinage for life, — so much land for so much lust." There was no error in dismissing the petition.　　　　*Judgment affirmed. By five Justices.*