---

KESSLFR *v.* PEARSON.

1. If a house be let with intent that it shall be used for the purposes of prostitution, the landlord can not recover the rent. But if the lease be for lawful uses, and the circumstances do not show the transaction to be colorable or a cloak to conceal the illegality of the contract, subsequent knowledge by the landlord of the immoral use to which the tenant has subjected the premises will not invalidate the lease or preclude the landlord from collecting the rent. If, however, the landlord, after he is made aware of the illegal use of his premises, does any affirmative act indicating his sanction of the illegal practices of his tenant, he becomes in pari delicto with him, and courts will not lend any aid in the collection of the rent.

2. None of the errors complained of requires the grant of a new trial.

Submitted July 18,—Decided November 13, 1906.

Complaint. Before Judge Felton. Bibb superior court. January 2, 1906.

*Herman Brasch* and *Steed & Ryals,* for plaintiff in error, cited: Civil Code, §§ 3666, 5157; *Ga. R.* 123/508; 122/164; 119/301; 118/44; 53/211(5); 41/315(1); 53 Am. Dec. 80; 15 A. & E. Enc. L. (2d ed.) 992.

*Hardeman & Jones,* contra, cited: 41 *Ga.* 318; 15 A. & E. Enc. L. (2d ed.) 986; 27 La. Ann. 314.

EVANS, J. 1. The action was for the recovery of rent for a tenement, and the plea denied tenancy, and further averred that if a contract of rent was proved, such contract was founded on an immoral consideration, in that the house was rented to be used as a lewd house. The plaintiff's agent testified that he did not know that the tenant contemplated or intended its use as a brothel; and as the jury found that issue in favor of the plaintiff, we will consider that in making the contract of lease the parties did not intend that the house should be used for an immoral purpose. On the trial the defendant requested an instruction to the effect that if the plaintiff, subsequently to the time of renting, had knowledge that the house was being used for prostitution, and after such knowledge made no objection to this immoral use, he could not recover the rent accruing since his discovery of the illegal use to which his house was put by the tenant. This request to charge was refused, and, on the other hand, the court charged the jury that the fact that subsequently to the alleged contract the defendant, by renting the house to lewd women, put the house to an immoral use would not prevent the plaintiff from collecting the rent.

If a house be let with intent that it shall be used for the purposes of prostitution, the landlord can not recover the rent; the bare knowledge that it may probably be so used will not defeat the action. *Ralston* v. *Boady,* 20 *Ga.* 449. Evidence of the acts and conduct of the parties to the contract, both before and after making the lease, should be allowed to go to the jury, so that they may determine the knowledge and intent of the parties in making the contract. *Bashinski* v. *State,* 122 *Ga.* 164; Updike v. Campbell, 4 E. D. Smith, 570. But if the house is leased for a lawful purpose, the mere non-interference by the landlord with the subsequent illegal traffic of his tenant, after having become aware of it, does not involve him in the tenant's guilt. Crocker v. State, 49 Ark. 60; Crofton v. State, 25 Ohio St. 249; Koester v. State, 36 Kans. 27. Our Penal Code, § 391, declares: "If any person shall

maintain and keep a lewd house, or place for the practice of fornication or adultery, either by himself or others, he shall be guilty of a misdemeanor." In *Kessler* v. *State*, 119 *Ga.* 303, it was said that this section is but a codification of the common law, and that to sustain an indictment thereunder it is necessary to show only that the accused contributed to, or aided, directly or indirectly, in maintaining and keeping a lewd house. In the headnote of this case it was stated that a landlord who, "after having leased the house, knowingly permits the occupant to use it for the practice of fornication or adultery, maintains and keeps a lewd house." But this broad statement of the principle is not to be understood as a holding that mere knowledge of the landlord of the illegal use of the house by the tenant makes the landlord a joint participant in the tenant's guilty act. It is only when the landlord aids or abets the tenant in the unlawful enterprise, or by some affirmative act gives his consent and approbation to the tenant's maintaining a brothel, that he shares the tenant's guilt. This consent and sanction ought not to be inferred from the isolated fact of his noninterference with the conduct of his tenant, without some affirmative act or declaration on his part indicative of his sanction and consent. State *v.* Williams, 30 N. J. L. 102. It is inconsistent with sound reason to say that a tenant, having entered into a contract of rent of a tenement for a lawful purpose—where the contract is innocent and does not contemplate any illegal purpose,— could avoid the payment of rent or terminate the tenancy by converting the premises to an immoral use, and by showing that after such conversion the landlord acquired knowledge of his illegal act. There must be a quasi participation on the part of the lessor in such unlawful purpose; mere knowledge on his part, acquired after the execution of the lease, is insufficient to identify him with the lessee's guilt. 18 Am. & Eng. Enc. Law (2d ed.) 317; Jones, Land. & Ten. § 120; 1 McAdam, Land. & Ten. 327.

2. Some of the assignments of error relate to the refusal of the court to allow certain questions to be propounded to plaintiff's agent, while testifying as a witness. In so far as these questions were material, it appears that they or others of similar import were answered by the witness in another part of his testimony; and as the defendant got the benefit of the substance of the testimony sought to be elicited by these particular questions, the error,

if any, in refusing to allow them to be put to the witness was harmless. *Bertody* v. *Ison,* 69 *Ga.* 317. The remark of the trial judge assigning reasons for his ruling on the admissibility of certain evidence was not open to the criticism that it amounted to· an expression of opinion on an issuable fact; nor was the particular charge complained of as holding the defendant up to ridicule open to that objection.

The verdict was warranted by the evidence, and there was no error in denying a new trial.

*Judgment affirmed. All the Justices concur.*