### ABBOTT FURNITURE COMPANY *v.* MOBLEY.

FISH, C. J. The action is bail-trover for specified articles of furniture and other household goods, which the petition shows plaintiff sold to defendant for $779.75, and of this the sum of $272.00 is due and unpaid. The answer is in part as follows: "The defendant says that the goods

purchased, and to which title was retained and for which plaintiff claims a balance due of $272.00, were furnishings delivered by the plaintiff to defendant to be used in aiding and abetting this defendant in carrying on a house of ill fame. Defendant alleges that the plaintiff delivered said property with the full knowledge and intention that same should be used in aiding and abetting this defendant in maintaining a house of ill fame. Defendant shows that the plaintiff is particeps criminis, and is guilty of aiding and abetting this defendant in maintaining said house of ill repute." On the trial plaintiff moved to strike this portion of the answer, on the ground, in substance, that it was not in law a good defense. The motion was refused; there was a verdict for defendant, and plaintiff excepted to such refusal.

*Adjudged:* The exception is without merit. The agreement, as exhibited by the petition and answer together, was a conditional sale—with reservation of title in plaintiff till payment of the price—of goods to be used in a house of ill fame, the plaintiff knowing that they were to be so used, and intending the use to be in aid of the maintenance of such house. The agreement, as shown by the pleadings, was immoral, illegal and void. In view of the allegations of the petition disclosing a sale of the goods by plaintiff to defendant, the plaintiff's right of action was necessarily dependent upon the agreement, and, if the answer set forth the truth, there could be no recovery. Penal Code § 382; *Ralston* v. *Boady,* 20 *Ga.* 449; *Watkins* v. *Nugen,* 118 *Ga.* 373 (45 S. E. 262); *Kessler* v. *Pearson,* 126 *Ga.* 725 (55 S. E. 963, 8 Ann. Cas. 180); Reed v. Brewer (Tex. Civ. App.), 36 S. W. 99, affirmed, 90 Tex. 144 (37 S. W. 418); Standard Furniture Co. v. Van Alstine, 22 Wash. 670 (62 Pac. 145, 51 L. R. A. 889, 79 Am. St. R. 960).

*Judgment affirmed. All the Justices concur, except Evans, P. J., absent.*
FEBRUARY 28, 1914.

Trover. Before Judge Pendleton. Fulton superior court. September 24, 1912.

*Arnaud & Donehoo,* for plaintiff.
*J. E. & L. F. McClelland,* for defendant.