## 6983.    HARRIS *v.* BARFIELD MUSIC HOUSE.

1. To keep a lewd house is penal under the laws of this State, and any person who knowingly rents or sells personal property to be used in such a house will not be assisted by the courts to recover such property or the value thereof. The contract, being *contra bonos mores*, will not support an action.
2. Where an electric piano is sold to a woman of ill-fame by a dealer who knows her to be such, and knows that the piano is to be used in a lewd house for the purpose of attracting men thereto and entertaining them therein, the contract is founded upon an illegal and immoral consideration, and where such contract is not fully executed, neither party can enforce it.
3. Under the foregoing ruling and the facts of this case, the suit was based upon an illegal and immoral consideration, and the plaintiff was not entitled to recover.

DECIDED JULY 19, 1916.

Trover; from city court of Valdosta—Judge Cranford. September 8, 1915.

*J. P. Knight, Dan R. Bruce,* for plaintiff in error.

*J. M. Johnson,* contra.

BROYLES, J.    A bail-trover action was brought against Laura Harris, to recover an electric piano, sold to her upon a retention-of-title contract, upon which certain payments had been made and others were due. Upon the trial of the case the plaintiff's president testified: "Laura Harris runs a lewd house in Valdosta, and this instrument was sold to her to be used to make music in that house. *I knew it was to be used by Laura Harris in the house she was running as a lewd house when I sold it to her.* These pianos are made to be used in such houses and dance-halls or other places of amusement" (italics ours). The keeping and maintaining of a lewd house is penalized by statute (Penal Code, § 382), and, as was said by Judge Lumpkin in *Ralston* v. *Boady,* 20 *Ga.* 449, 451 (which was an action by a landlord against the keeper of a lewd house, to recover rent for the place), referring to the inmates of such houses: "As *women,* they are entitled to eat and drink, dress and be sheltered as others, but no one, at the risk of loss to themselves, must furnish any of these comforts or supplies for the purpose of exciting, encouraging or aiding these harlots to commit a crime; for if they do, and the jury so find, they will and ought to lose their money. For the maxim *ex turpi causa non oritur actio* is as old as the law." In *Abbott Furniture*

*Co.* v. *Mobley,* 141 *Ga.* 456 (81 S. E. 852), which was an action in trover very similar to the case at bar, the Supreme Court held that the plaintiff could not recover. See also *Watkins* v. *Nugen,* 118 *Ga.* 373 (45 S. E. 262) ; *Kessler* v. *Pearson,* 126 *Ga.* 725 (55 S. E. 963, 8 Ann. Cas. 180) ; Reed *v.* Brewer (Tex. Civ. App.), 36 S. W. 99, affirmed 90 Tex. 144 (37 S. W. 418) ; Standard Furniture Co. *v.* Van Alstine, 22 Wash. 670 (62 Pac. 145, 51 L. R. A. 889, 79 Am. St. R. 960). The facts in *Mechanics Realty Co.* v. *Leva,* 16 *Ga. App.* 7 (84 S. E. 222), distinguish it from this case.

Under the foregoing ruling and the facts of this case, the court erred in directing a verdict for the plaintiff and in rendering judgment thereon.                                        *Judgment reversed.*