## JONES *et al. v.* OWENS, executrix, *et al.*

1. Where A sold a house and lot to B, giving a bond for title to the vendee and taking notes of the latter for the purchase-price, and subsequently transferred these notes to C, and the vendee transferred his bond for title to D, the last named assuming the debt represented by the notes and agreeing to pay the same, an agreement upon the part of the holder of the notes, made with the transferee of the bond for title for a valuable consideration, consisting in part of giving additional security, that the time of payment should be extended, does not convert B, the purchaser of the property first referred to and the maker of the notes, into a mere security; and the agreement does not operate to release him as a security.

2. Where the owner of a house and lot sells the same to one who intends to use it for the purpose of maintaining it as a house of prostitution, and the vendor knows the purpose for which it is bought and the use to which it is to be put, notes taken for the purchase-money will be based upon an illegal and immoral consideration, and will be unenforceable in the hands of the first taker or his transferee.

No. 1130.   APRIL 18, 1919.

Certiorari; from Court of Appeals. 22 *Ga. App.* 558 (96 S. E. 444).

Buchanan sold a house and lot to Jones and his wife, giving them a bond for title, and taking notes for the purchase-money. For value these notes were transferred to Owens. The purchasers of the property transferred their bond for title to one Smith. Smith agreed to assume the debt represented by the notes of Jones and his wife, and agreed to pay the debt. Subsequently Owens, for a valuable consideration, which was in part receiving additional security, extended the time for the payment of the notes. Smith failed to pay the notes when they finally fell due. A part of the purchase-money was realized upon a judgment obtained against Smith, and suit was then brought against the original debtors, Jones and his wife. The latter filed their plea and answer. Among other contentions made in the answer was, that under the facts of the case these defendants became

merely sureties on the debt and Smith the principal debtor, and that the taking of additional security and the extension of the time for the payment of the notes operated to release them. This defense was stricken upon demurrer. By way of amendment Jones and his wife pleaded that the notes were based upon an illegal and immoral consideration, alleging that "Frank C. Owens purchased said note from Claude E. Buchanan, well knowing that said house was built for a house of prostitution and was then being used as a house of prostitution by these defendants, and that said note was given for said house with the understanding that said house was to be used as a house of prostitution. That said Frank C. Owens investigated the purposes for which said house was built by inquiring of each of these defendants and by personally visiting and inspecting said house, and that the consideration of said note was immoral and therefore illegal and void and of no force and effect. That said Frank C. Owens knew that said house was upon Mechanic Street in a restricted district of the City of Atlanta, upon which were conducted only houses of prostitution, and that said house was capable of no other use but for such purpose, and that the said Chas. C. Jones and Mrs. Ola E. Jones intended at the time of purchasing same that it was to be used for no other purpose, and that the said defendants, Chas. C. Jones and Ola E. Jones, did not intend to use it for any lawful purpose." The defense set up by this amendment was stricken upon general demurrer urged by the plaintiff. The case, after verdict and judgment in favor of the plaintiff, was carried to the Court of Appeals for review, and that court affirmed the judgment of the court below, and that judgment of affirmance is brought by writ of certiorari to this court.

*Hewlett & Dennis,* for plaintiffs in error

*Mayson & Johnson,* contra.

BECK, P. J. (After giving the foregoing statement of facts.)

1. The Court of Appeals properly affirmed the judgment of the court below sustaining the demurrer to the defense based upon the defendant's contention that they were mere sureties upon the notes given for the purchase-money of the property in question and sued upon by Owens, the holder.

2. But we are of the opinion that the defense set up by way of amendment, based upon the ground that the notes were un-

enforceable because they were based upon an illegal and immoral consideration, was meritorious, and the trial court erred in sustaining the demurrer thereto; and the Court of ·Appeals, instead of affirming the judgment of the court below, should have reversed it. From the statement of facts in the case of *Abbott Furniture Co.* v. *Mobley,* 141 *Ga.* 456 (81 S. E. 196), it appears that trover was brought for specified articles of furniture and other household goods which had been sold upon conditional sale with reservation of title in the vendor till payment of the price, and that the goods thus sold were to be used in a house of ill fame, the vendor, the plaintiff, knowing that they were to be so used and intending the use to be in aid of the maintenance of such house. Such was the defense set up, and this court held that a demurrer to the defense was properly overruled; and held further, that there could be no recovery in the case if it appeared upon the trial that the answer of the defendant was supported by the facts of the case. See also the case of *Watkins* v. *Nugen,* 118 *Ga.* 372 (45 S. E. 262). In the case of *Kessler* v. *Pearson,* 126 *Ga.* 725 (55 S. E. 963, 8 Ann. Cas. 180), it was held: "If a house be let with intent that it shall be used for the purposes of prostitution, the landlord cannot recover the rent." In the case of *Harris* v. *Barfield Music House,* 18 *Ga. App.* 444 (89 S. E. 592), it was ruled: "To keep a lewd house is penal under the laws of this State, and any person who knowingly rents or sells personal property to be used in such a house will not be assisted by the courts to recover such property or the value thereof. The contract, being contra bonos mores, will not support an action." In the amendments which were stricken upon demurrer in the instant case it was alleged that Buchanan "built said house, and sold said house to these defendants for the purpose of conducting therein a house of prostitution in violation of the law, that these defendants informed the said Buchanan of the purpose of their purchasing said house to carry on therein acts of prostitution;" and knowledge of these facts on the part of Owens at the time of his purchase of the notes is alleged. The sale of the house and lot and the giving of the bond for title and the notes formed one indivisible contract. The sale of the house and lot under the circumstances alleged in the plea made Buchanan a participant in the immoral purposes for which the house was purchased and for which it was to be used;

and the notes given to him based upon such a consideration were not enforceable in the hands of one who took with or without notice. Civil Code, § 4286. Cases cited by defendant in error, that where one lends money to a party who intends to use the same for some illegal purpose, such fact will not prevent recovery on notes given for the money, although the lender knew or had reason to suspect the purposes for which the money would be used by the borrower, are not in point. If A lends money to B, although he might know from B's character and the circumstances under which he borrows the money that he would use it in gambling and would lose it in the game, if A does not participate in any way in the criminal purpose and intent and is in no way concerned in the gains or losses of B, he can enforce the payment of the note given for the money borrowed. But if he were to engage in the game with B and took a note for B's losses to him, the note would not be enforceable in his hands nor in the hands of a transferee. The defendants, the original makers of the notes sued on, are entitled to have the issue made by their answer submitted to a jury. And exceptions to the ruling of the trial judge upon this question in the case should have been sustained.

*Judgment reversed. All the Justices concur.*