24965. WRIGHT COMPANY INCORPORATED *v.* HARALSON.

28

Decided October 22, 1935.

*E. T. Moon,* for plaintiff. *R. W. Martin,* for defendant.

Guerry, J. 1. This was a bail-trover action to recover "one only 604-224 *BEER BAR* complete with *tapping equipment and pressure regulator*" (italics ours), sold by the plaintiff to the defendant. The defendant filed a plea that the property was sold to him for the purpose of operating a beer saloon and to sell what is commonly known as "3.2" beer; that this purpose was well known to plaintiff; and that, the same being in violation of the laws of Georgia, the courts would not aid the parties entering into such a contract. By amendment the plaintiff alleged that the contract retaining title contained the following clause: "It is expressly agreed that the equipment herein mentioned will at no time be employed in any manner in violation of any Federal, State, or City law or ordinance obtaining in the premises wherein said equipment is installed." Upon the trial the defendant denied that this clause was in the contract at the time he executed it. Error is assigned upon the overruling of objections to testimony of the defendant, denying that the clause just quoted was in the contract when he signed it, and contending that it had since been added, on the ground that no plea of non est factum had been filed, and for that reason such evidence was inadmissible. A verdict was rendered in favor of defendant. The retention-of-title contract was not expressly declared on in the pleadings, and was not attached thereto as a basis of the suit. As was said by Judge Powell in *Howard Piano Co.* v. *Glover,* 7 *Ga. App.* 548 (67 S. E. 277): "In such cases no formal pleading is required. The plaintiff may bring all proof in his power to show that the paper has not been altered; and the defendant, on the other hand, may attack it and in any legitimate way show the alteration." If the objection urged were meritorious, we should be inclined to hold the ruling harmless for reasons hereinafter discussed.

2. The contract of sale was made in September, 1933, at which time it was illegal to sell in this State either "3.2" beer or any

imitation of beer. The contract introduced by the plaintiff shows that the property was being shipped to the defendant in LaGrange, Georgia, and that it was a "beer bar" complete with *tapping equipment and pressure regulator*. The recognized purpose of such equipment is for dispensing beer, an illegal project; and the mere insertion of a clause in such a contract that the equipment is not to be used for that purpose would not prohibit the jury from finding, or possibly from the court declaring as a matter of law, that it was the sole intention of the parties that the equipment was to be used in violation of law. To sell a beer bar with tapping equipment and pressure regulator to a resident of this State, to be used in the year 1933, and to provide in the contract of sale that it shall not be employed in any manner in the violation of the law of this State which prohibits the possession and sale of beer or any imitations thereof, calls to mind the old doggerel:

> "Mother, may I go out to swim?"
> "O yes, my darling daughter.
> Hang your clothes on a hickory limb,
> But don't go near the water."

In *Garrison v. Burns*, 98 *Ga.* 762 (26 S. E. 471), it was said: "It would seem that the general rule deducible from all the authorities is as stated in Clarke on Contracts, 491, viz., 'that the court will not lend its aid to a party who, as the ground of his claim, must disclose an illegal transaction.' We understand this to mean that whenever either party has to rely upon a contract which is in fact illegal, the other party may, in avoidance of it, show its illegality. The plaintiff in the present case does not, it is true, rely on the contract. On the contrary, he seeks to rescind it. But he had to bring it to light, and in making out his case disclose its real nature; and as it was an executed contract, this gave the defendant the right to invoke the rule that the court should leave them where it found them." In *Abbott Furniture Co. v. Mobley*, 141 *Ga.* 456 (81 S. E. 196), it was held that where a furniture dealer had sold to the keeper of a "bawdy house" furniture to be used in conducting such house, upon which a retention-of-title contract was executed, such furniture company could not maintain an action of trover to recover the property because the transaction was immoral, illegal, and void. See also *Harris v. Barfield Music House*, 18 *Ga. App.* 444 (89 S. E. 592). The jury having found that the plaintiff knew the purpose for which

the property sold was to be used, and the contract showing that the property was a "beer bar," and the sale of beer or imitation beer being illegal at that time, courts will not assist parties under such a contract founded upon an illegal undertaking. We are therefore of the opinion that the verdict is sustained, and that the judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*