## 52674. SHANNONDOAH, INC. v. SMITH.

MARSHALL, Judge.

The question presented in this appeal is whether the contract between the parties is illegal and therefore,

unenforceable.

Appellant, Shannondoah, Inc., brought suit against Smith for the latter's breach of contract. The contract granted Smith the privilege of operating the Corner Tavern for one year in exchange for his paying Shannondoah certain fees plus paying the operating expenses of the tavern. One provision required Smith to comply with all city and county ordinances. Shannondoah alleged in its amended complaint that Smith operated the tavern from January, 1973, to September, 1973, when he vacated the premises, resulting in certain alleged damages.

At the trial, Smith attempted to show (though he did not affirmatively plead, CPA § 8 (c) (Code Ann. § 81A-108 (c)) that the contract was illegal in that it required him to violate a city ordinance. That ordinance, City of Atlanta Code of Ordinances, § 5-57 (1965), as amended March 5, 1971, provides that a person who has a license to sell alcoholic beverages must maintain an active par- ticipation in the operation of the premises, and a li- censee may not transfer his right to operate under his license. Smith contends that another Atlanta code provision (never proved at trial) required licensees operating in the city to be residents of Atlanta. Smith testified that he was a resident of DeKalb County and could not obtain a license and therefore could not comply with the city ordinance, and that his operation of the tavern under someone else's license violated § 5-57 of the Code of Atlanta.

Smith testified that during the months of January through June, 1973, he had been operating the tavern under the license of one Chuck Garland, listed on the license as an "agent" of Shannondoah. Smith further tes- tified that Garland came to the Corner Tavern in June and pulled his license off the wall. Smith then had one Pat Digby, who operated a bar in the same building, obtain a license in his (Digby's) name. Digby agreed to operate both his and Smith's bar and was to receive 50% from Smith's bar. Smith continued to run the Corner Tavern in this manner for July and August. Then, in September, he notified Shannondoah and vacated the premises because, according to Smith's testimony, he was "losing money"

under this arrangement.

Based on this testimony, the trial judge entered judgment for Smith. Following remand for findings of fact and conclusions of law (*Shannondoah, Inc. v. Smith,* 137 Ga. App. 378 (224 SE2d 465)), the trial court concluded that the contract was in violation of the city ordinance and was therefore illegal. *Held:*

We reverse. There is evidence to support the trial court's finding that the parties to the contract intended for Smith to operate the tavern under Garland's license. However, this arrangement would not violate the code if Garland actively participated in the business (of which there is evidence). If Garland transferred his license to Smith or if Garland's license was used by Smith without Garland maintaining an active participation in the business, then there would be a showing of violation of the city code. However, there is no evidence of record that either occurred. Nor is there evidence in the record that the code required Smith to live in the city. However, even if code violations were shown, we reverse because Smith has not shown that the contract could not be performed without breaking the law.

"A contract to do an . . . illegal thing is void." Code § 20-501. Stated another way this Code section states the general principle of contract law: "[A]n agreement . . . which cannot be performed without violating such a provision [of a statute or ordinance] is illegal and void." 17 AmJur2d 521, Contracts, § 165 (1964). For a contract to be illegal under this principle the purpose or object of the contract must be illegal. See, e.g., *Abbott Furniture Co. v. Mobley,* 141 Ga. 456 (81 SE 196); *Kessler v. Pearson,* 126 Ga. 725 (1) (55 SE 963); *Wright Co. v. Haralson,* 52 Ga. App. 27 (182 SE 55). However, this rule has been held inapplicable where the object of the contract is not illegal or against public policy, but where the illegality is only collateral or remotely connected to the contract. See *Phenix Ins. Co. v. Clay,* 101 Ga. 331, 335 (28 SE 853). "[T]he rule that an agreement in violation of law is invalid does not always apply where the existence of the thing in question is due to a violation of law only in the sense that incidentally some law was violated in its production, where it might have been created without

such violation." 17 AmJur2d 522, Contracts, § 165.

Here, the contract was for a legal purpose, and did not *require* a violation of the ordinance in order for Smith to perform under the contract. There may or may not have been a violation of the ordinance from January to June, 1973, but such violation was not required by the contract and was incidental to contract performance. The president of Shannondoah testified that he advised Smith when he signed the contract that he could obtain a license through one of his (Smith's) employees who worked at the tavern; that such was the way many nightclubs were run, and that he presumed Smith had done this. In fact Smith demonstrated that he could operate the tavern without violating the code when he operated under Garland's license from January to June (assuming Garland was "on the premises" which is shown by the record) and under Digby's license in July and August. Admittedly it cost Smith money to operate under Digby's license, but Smith's contract with Shannondoah called for Smith to pay operating expenses "including license fees." However, during the entire period of the contract the evidence does not show that Smith had to, or in fact did, violate the law in order to perform under the contract.

*Judgment reversed. McMurray and Smith, JJ., concur.*

SUBMITTED SEPTEMBER 8, 1976 — DECIDED OCTOBER 26, 1976.

*Louis F. Ricciuti,* for appellant.
*Burdine & Lindsey, Wendell C. Lindsey,* for appellee.