S91A1190, S91X1191. CROOKE v. GILDEN; and vice versa.
(414 SE2d 645)

CLARKE, Chief Justice.

Gilden brought this action for specific performance of a contract and equitable partition of real estate. The parties filed cross-motions for summary judgment. The trial court granted Gilden's motion for summary judgment as to her claim for equitable partition. The trial court granted Crooke's motion for summary judgment in the action for specific performance on the ground that the agreement was void because an "illegal and immoral" relationship between the parties constituted an implicit part of the consideration for the contract. The parties filed cross-appeals.

1. We find no error in the trial court's order allowing Gilden to proceed with the equitable partition of the real estate pursuant to OCGA § 44-6-160 et seq. We therefore affirm the judgment in Case No. S91A1190.

2. The contract that Gilden sought to have specifically performed is an integrated, written document which states, "This Agreement sets forth the entire agreement between the partners with regard to the subject matter hereof." It further recites that the contract is entered into "in consideration of the mutual promises contained herein." The promises contained in the contract are the mutual contribution toward improvement of the real estate and sharing of expenses and assets. The contract as written contains sufficient legal consideration. The parol evidence rule bars any attempt to contradict, vary or supplement the consideration stated in an integrated contract. See OCGA § 13-2-2; J. Calamari & J. Perillo, Contracts, Ch. 4 (1970).

Crooke contends, however, that parol evidence showing an illegal and immoral relationship between the parties is admissible under OCGA § 24-6-8 and demonstrates that this contract is void under OCGA § 13-8-1 which states, "[a] contract to do an immoral or illegal thing is void." We cannot agree that the contract is void on this

ground. Nothing in the contract casts upon either of the parties the responsibility to perform any illegal activity. Further, the parol evidence admitted demonstrates that the alleged illegal activity was at most incidental to the contract rather than required by it. See *Shannondoah, Inc. v. Smith*, 140 Ga. App. 200 (230 SE2d 351) (1976).

In sum, we conclude that the contract before the court is supported by legal consideration. The promises contained in the contract are also legal. Enforcement of those promises does not contravene OCGA § 13-8-1. We therefore reverse the judgment in Case No. S91X1191.

*Judgment affirmed in Case No. S91A1190. All the Justices concur.*

*Judgment reversed in Case No. S91X1191. All the Justices concur, except Sears-Collins, J., who concurs in the judgment only, and Bell, J., who dissents.*

BELL, Justice, dissenting.

I respectfully dissent to this Court's reversal of the judgment in Case No. S91A1191, because I disagree with the conclusion of the majority that "the parol evidence admitted demonstrates that the alleged illegal activity was at most incidental to the contract rather than required by it," 262 Ga. at 123.

There was undisputed testimony from Crooke that before and at the time the contract was signed, Crooke intended to engage in the alleged illegal activity with Gilden, and that but for the parol understanding that they were to engage in the alleged illegal activity Crooke would not have allowed Gilden to engage in other activity pursuant to the contract. Crooke further testified that Gilden insisted that Crooke had to sign the contract if their alleged illegal activity were to go forward. Crooke testified, moreover, that in executing the contract the parties envisioned the alleged illegal activity.

Gilden introduced no evidence to rebut the foregoing testimony, and on appeal did not dispute its accuracy. Instead, Gilden argued that the trial court was not authorized to consider parol evidence to show that the contract violated OCGA § 13-8-1. The majority opinion appears to disallow Gilden's argument, as the majority seems to acknowledge that parol evidence is admissible to show that a contract is void under § 13-8-1. However, the majority then reaches a conclusion that even Gilden did not urge, which is that Crooke's testimony at most demonstrated that the alleged illegal activity was merely incidental to the contract. I cannot accept this conclusion, as it is inconsistent with Crooke's testimony. The proper conclusion is that the contract was *founded upon or grew immediately out of* the alleged illegal activity, and therefore was void under § 13-8-1. *Liles v. Still*,

176 Ga. App. 65, 67 (2) (335 SE2d 168) (1985).[1]

DECIDED MARCH 19, 1992 —
RECONSIDERATION DENIED APRIL 2, 1992.

Weinstein, Rosenthal, Tobin & Caldwell, Michael S. Rosenthal, R. Scott Tobin, for appellant.
Schreeder, Wheeler & Flint, David Flint, Debra A. Wilson, for appellee.
Mary P. Schildemeyer, Julie I. Edelson, Sandra E. Lundy, Paula L. Ettelbrick, Maria Gil de Lamadrid, Ruth E. Harlow, William B. Rubenstein, amici curiae.

---

[1] I note that the majority, in finding that the alleged illegal activity was at most incidental, relies exclusively upon *Shannondoah, Inc. v. Smith*, 140 Ga. App. 200 (230 SE2d 351) (1976). However, *Shannondoah* is distinguishable on its facts, as in that case there was no evidence that the contract grew immediately out of and was connected with illegality.