## A93A0451. DONOHUE v. GREEN.
### (433 SE2d 431)

SMITH, Judge.

Donohue, an attorney, brought suit against Green, his former client, to recover costs and expenses of litigation he had advanced in a case in which he had represented Green pursuant to a contingent fee contract. Donohue appeals from the judgment entered in favor of Green.

The record reveals that Green retained Donohue to pursue his recovery of damages incurred in an automobile accident. Donohue filed suit on Green's behalf, but the action resulted in summary judgment in favor of all defendants. After appeals were unsuccessful, Donohue made written demand on Green for payment of expenses and costs he had advanced in the amount of $1,162.95. When Green failed to respond, this action was filed. It originally alleged that Green had terminated the contract through no fault of Donohue, thereby preventing the contingency, and that the reasonable value of Donohue's services was $1,162.95. After Green answered, denying he had terminated the contract and attaching a copy of a letter from Donohue informing him that the appeal had been unsuccessful, Donohue amended and recast the complaint. This time he alleged that Green was indebted to him for costs and expenses in the amount of $1,162.95. In a nonjury trial, the trial court entered judgment in favor of Green, finding that the third paragraph of the fee contract, pertaining to expenses, was ambiguous, and construing it against Donohue, as the drafter.

Donohue contends the trial court erred in finding that the third paragraph of the contract was ambiguous, and that no parol evidence should have been admitted to vary its clear terms.

We affirm. The third paragraph of the fee contract provided that Green agreed "to pay an amount equal or equivalent to 33⅓ percent of whatever amount may be recovered or collected . . . on said claim without suit, and 40 percent if suit is filed, plus all advances or expenses."

First, the provision regarding expenses is capable of conflicting interpretations. It is clear that Green need not pay either 33⅓ percent or 40 percent to his attorney unless an amount is "recovered or collected." However, it is unclear whether the phrase "plus all advances or expenses" applies as well only when an amount is "recovered or collected."

Assuming that the requisites for a binding contract have been

met, the existence of an ambiguity in a contract is a question of law for the court, *Salvatori Corp. v. Rubin*, 159 Ga. App. 369, 372 (1) (283 SE2d 326) (1981), and the trial court correctly found that the provision was ambiguous.

Parol evidence is not admissible to add to, take from, or vary a written contract. OCGA § 13-2-2. However, the cardinal rule in the interpretation of contracts is to ascertain the intention of the parties, OCGA § 13-2-3, and "[f]or the purpose of aiding in the interpretation of a contract, the surrounding circumstances may be proved." *Salvatori Corp.*, supra. The trial court found Green, in his initial visit to Donohue's office, was informed that he would not owe Donohue any expenses if a recovery was not obtained. Donohue has failed to provide this court with a transcript of the trial, thereby precluding our review of this finding. *Butler v. First Family Mortgage Corp.*, 191 Ga. App. 360, 361 (1) (381 SE2d 551) (1989). The record supports the trial court's judgment. We note, in addition, that Green's allegation that he had been informed he would not be responsible for expenses appears to be bolstered by Donohue's original allegation that the sum sought in this suit represented the value of his services, not unpaid expenses.

Additionally, "[a] contract is an agreement between two or more parties for the doing or not doing of some specified thing." OCGA § 13-1-1. "The party asserting the existence of a contract has the burden of proving its existence and its terms. [Cits.] The requisites of an explicit contract are a meeting of the minds of the parties, mutuality, and the clear expression of the terms of the agreement. [Cits.]" *Jackson v. Easters*, 190 Ga. App. 713, 714 (1) (379 SE2d 610) (1989). It is clear that the parties had no meeting of the minds regarding expenses. As to this provision, at least, no binding contract existed, id. at 714-715, and the trial court therefore properly entered judgment in favor of Green.

We also agree with the trial court that Georgia State Bar Directory Rule 5-103 (C) has no bearing on the issue of Green's liability to Donohue. That Rule prohibits an attorney from advancing or guaranteeing any financial assistance to clients, except expenses of litigation, provided the client remains ultimately liable for such expenses. Assuming the contract drawn by Donohue violates the Directory Rule, such a violation properly addresses itself to the State Bar. *Wehunt v. Wren's Cross of Atlanta Condo. Assn.*, 175 Ga. App. 70, 73 (3) (332 SE2d 368) (1985).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JULY 12, 1993.

*Kirby G. Bailey*, for appellant.

William M. Green, Jr., *pro se.*