A96A1856. BOOT v. BEELEN.
(480 SE2d 267)

Judge Harold R. Banke.

Catherine Beelen, a/k/a Tineke Beelen, sued Roland Boot for breach of contract. The trial court granted partial summary judgment to Beelen and entered judgment on her behalf. Boot appeals, enumerating two errors.

To prevail on summary judgment, the moving party must show that no genuine issues of material fact remain to be tried and that the undisputed facts, viewed in the light most favorable to the non-movant, warrant summary judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Viewed in that light, the record shows that Boot, a Dutch bulb importer, invited Beelen to leave her native Holland and live with him in Georgia. Beelen, a nurse and antique dealer, accepted, liquidated some of her Dutch

holdings and opened a joint checking account with Boot into which she deposited at least $58,000. She also brought antiques with her which Boot valued at approximately $15,000. Beelen attested that during their relationship she made Boot numerous loans totaling over 240,000 guilders in the form of cash and travelers checks to cover the down payment on his home, furnishings, landscaping, and other bills and he had promised to repay her. Boot admitted he had promised more than once that he would pay her back.

Almost two years after Beelen's arrival, Boot decided that he no longer wanted to live with her. In concluding their relationship, Boot made a verbal promise to compensate Beelen for the monies she spent during their relationship. The parties also entered into a written settlement agreement in November 1993. Specifically, Boot agreed to pay Beelen 200,000 guilders (or the equivalent in dollars) on or before February 1, 1994, and to make three additional payments of $12,000 on September 1 of 1994, 1995, and 1996. He also agreed to return certain boxes, cartons, and a bed and linens to her. Beelen testified that Boot proposed this agreement and that it represented all the money she had lent him. Boot admitted that he entered into the agreement and signed the written contract with the intent to compensate Beelen.

It is undisputed that Boot paid Beelen $100,000, the approximate equivalent of 195,000 guilders, in February 1994. In several letters he promised to pay the balance after he sold his Volvo. However, Boot subsequently informed Beelen that he "could not justify" making further payments, except for the remainder of the 200,000 guilder debt, due to various financial setbacks and because he believed "it should cost us both money if it would not work between us." Boot claimed the amounts he had previously agreed to pay were not "realistic."

After Boot failed to make any subsequent payments or to forward Beelen's belongings, Beelen commenced this action. The trial court rejected Boot's contention that because he was married during the course of the parties' relationship the agreement was void as a contract to do an illegal thing, finding that the contract was merely one to pay a debt. *Held*:

1. The trial court did not err in enforcing the agreement. Boot's contention that the written agreement was supported solely by past consideration is contradicted by the record. He has provided no evidence disputing Beelen's contention that during the course of their relationship he agreed to compensate her for expenditures she made. Beelen testified that Boot told her they would live now on her money and later on his and he would repay her. Although, as Boot argues, past consideration will not support a subsequent promise, Beelen's testimony shows that the loans themselves were consideration for

Boot's promises to repay them, promises which were later memorialized in writing. Compare *Whitmire v. Watkins*, 245 Ga. 713, 714 (267 SE2d 6) (1980). We reject Boot's inference that reliance on the parties' parol evidence in this case is improper. See *Donohue v. Green*, 209 Ga. App. 381, 382 (433 SE2d 431) (1993) (parol evidence of surrounding circumstances admissible to aid in contract interpretation).

We also reject Boot's contention that his promises are unenforceable because the loans were made to further an adulterous and meretricious relationship. It is well settled that neither law nor equity will enforce a contract founded on immoral consideration such as sexual relations. OCGA § 13-8-1; *Long v. Marino*, 212 Ga. App. 113, 114 (2) (a) (441 SE2d 475) (1994). In conformity with this rule, we have held that an agreement to exchange sexual favors for support was unenforceable. *Long*, 212 Ga. App. at 114 (2) (a). But nothing in the contract at issue "casts upon either of the parties the responsibility to perform any illegal activity." *Crooke v. Gilden*, 262 Ga. 122, 123 (414 SE2d 645) (1992). The record simply shows that Beelen provided Boot with funds which he promised to repay. The promise to be enforced here is one to pay a debt. "[T]he alleged illegal activity was at most incidental to the contract rather than required by it." Id. Moreover, Boot's own testimony characterizing the relationship when Beelen came to Georgia as one of "friendship" undermines his argument that the alleged sexual misconduct was more than collateral to the contract at issue. Nowhere in the record does Boot claim he was paying Beelen to provide sex or illicit companionship.

Boot mischaracterizes Beelen's testimony in arguing that the agreement was unenforceable because Beelen retained control over the funds and used them to cover her personal expenses. Beelen attested that most of the money she lent him was in the form of cash or travelers checks which were given directly to Boot, and were not deposited in their joint account. Having determined that the agreement was enforceable, we must necessarily conclude that Boot's argument that the contract to be enforced was "illusory" lacks merit. See *Kemira, Inc. v. Williams Investigative &c.*, 215 Ga. App. 194, 198 (2) (450 SE2d 427) (1994) (promise where performance is "entirely optional" is illusory). Where, as here, contracts are not contrary to law, the courts are bound to enforce them as made. *Talley v. Mathis*, 265 Ga. 179, 181 (2) (453 SE2d 704) (1995).

2. Based upon the foregoing analysis, it follows that the trial court properly denied Boot's motion for summary judgment.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED JANUARY 13, 1997 —
RECONSIDERATION DENIED JANUARY 29, 1997 —

*Harman, Owen, Saunders & Sweeney, Timothy J. Sweeney,* for appellant.

*LaFon & Hall, Beverly J. Hall,* for appellee.