BRYSON, administrator, *v.* KEITH.

No. 12453. SEPTEMBER 15, 1938.

*G. W. Westmoreland,* for plaintiff. *W. W. Stark,* for defendant.

RUSSELL, Chief Justice. Mem Bryson as administrator of G. G. Bryson, deceased, brought an action against Julia Keith, to recover certain land, praying for injunction and equitable relief. The defendant filed a general demurrer. The plaintiff amended his petition, and the defendant renewed the demurrer to the petition as amended. The court sustained the demurrer and dismissed the action. The plaintiff excepted. It appears from the record that the intestate represented by the plaintiff administrator had a bond for title from Leila Neely of Wayne County, Michigan, to certain described land. After the execution of this bond a supplemental contract was executed between the defendant, Julia Keith, and the intestate G. G. Bryson, which provided that "in the event party of the first part [defendant] dies first, she, her heirs, assigns, administrators, executors, are to have no claim against party of the second part for any money that she might have put into said lands. If party of the second part [the deceased] dies, the same is true of his heirs and assigns, and they are to have no claim against said land, but are to go in fee simple to party of the first part." The plaintiff alleged that the first paragraph had been complied with by G. G. Bryson before he died, and that his heirs were entitled to the land.

We think the court properly sustained the demurrer, in view of the following allegations: "Plaintiff avers that said Julia Keith, the defendant, at no time advanced to the deceased the money mentioned in said paper, marked 'Exhibit B,' that she never had any money, was dependent; and instead of advancing to G. G. Bryson any funds, the said G. G. Bryson at various times advanced her money, in fact bought her coal and groceries, and said association with said defendant by the said G. G. Bryson was open and notorious and caused a breach between the said G. G. Bryson and his wife, Lucy Bryson, now in life; and it is the opinion of plaintiff that G. G. Bryson in his lifetime made contract, Exhibit B, for the sole purpose of satisfying the defendant in order that he might continue his illegal relationship with her." In the petition appears the statement, "That upon opening the safe of his father, the deceased, he found a contract the purport of which the plain-

618

tiff does not understand, between G. G. Bryson and Julia Keith, the defendant." In our opinion the terms of this contract are clear and plain, and no one should have any trouble in understanding them. "The true test, of course, is the intention of the maker, which is to be gathered from the terms of the paper." *West* v. *Wright,* 115 *Ga.* 277 (41 S. E. 602) ; *Wynn* v. *Wynn,* 112 *Ga.* 214 (37 S. E. 378) ; *Dismukes* v. *Parrott,* 56 *Ga.* 513. As it appears from the petition that the basis of the contract was an immoral consideration, the court did not err in sustaining the demurrer. As said in *Watkins* v. *Nugen,* 118 *Ga.* 372 (45 S. E. 260) : "It is as well settled as any proposition can be, that neither a court of law nor a court of equity will lend its aid to either party to a contract founded upon an illegal or immoral consideration. If the contract is executed, it will be left to stand; if it is executory, neither party can enforce it."

*Judgment affirmed. All the Justices concur.*