19895. WELLMAKER *v.* ROBERTS *et al.*

HAWKINS, Justice. Mary Esther Wellmaker filed suit against James T. L. Roberts, alleging that she became acquainted with defendant Roberts shortly before Christmas, 1947; that she and defendant became close associates, and between February 15 and March 15, 1948, plaintiff consented to marry Roberts upon his protestation of love for her; that Roberts represented that he had certain financial obligations which should be met before entering into matrimony, to which plaintiff consented; that, about April 4, 1950, defendant proposed to plaintiff that they purchase the lot of land described in the petition and build a home thereon; that the lot was purchased for a consideration of $2,000, payable on certain terms, and that defendant proposed that they use their joint resources to pay for said lot and for the building material to be used in construction of a residence; that defendant, a competent builder, with the aid of his friends who would contribute their labor, would construct a home; that plaintiff assisted in every way possible to pay for the lot and in constructing the building; that she provided the down payment on the lot and advanced various amounts from time to time during the progress of the construction totaling slightly over $2,500 as plaintiff's

contribution to the construction costs and in payments on the lot; that it was mutually agreed between the parties that title to the property be temporarily taken in the name of the defendant; that she actually assisted by performing labor on the house and providing meals to the workmen; and that this continued until about July, 1954, when defendant informed plaintiff that he had married another, whereupon she demanded an accounting, and when this was refused, she filed her petition praying that title to a one-half interest in said property be decreed in her. She also named as defendant C. W. Reeves, the holder of a deed to secure debt against said property, and prayed that he be enjoined from selling said property under the power of sale contained in the deed; that the defendant Roberts be enjoined from further encumbering or selling said property, and for the appointment of a receiver. On the trial, plaintiff testified, in support of the allegations of the petition, that she and defendant Roberts became engaged to marry in 1948; that in 1949 she took up abode with Roberts and they "lived there as man and wife"; that about 1950 Roberts suggested buying a lot; that he asked her to go in and help him buy it and build a house on it, suggesting that they would marry and live in this house as husband and wife, and in response to questions propounded by the trial judge, she further testified: Q. "Well, in connection with what you claim was an agreement about the home, buying a lot and building a house, did you all have any agreement that you would live together without ceremonial marriage until the time that you would enter into a ceremonial marriage?" A. "Yes, sir." Q. "That is all part of it, that you would live with him?" A. "That's right." The record discloses that, at the time this agreement was made and the parties lived together, Roberts had a living wife from whom he had not been divorced. The bill of exceptions recites that, at the conclusion of the evidence introduced by plaintiff and defendant, on motion of counsel for defendant Roberts, the trial judge directed a verdict for defendants; that a motion for new trial based on the general grounds was duly filed by plaintiff, and thereafter amended by the addition of two special grounds complaining of the direction of a verdict for defendants, upon the ground that there was evidence introduced which would have authorized the jury to find a different verdict from that directed by the court, and that, under the

pleadings and the evidence submitted, questions of fact were made for determination by the jury, and that it was error to direct a verdict for defendants. To the judgment denying the motion for a new trial as amended the plaintiff excepts. *Held:*

Since, under the plaintiff's own testimony, an agreement between her and the defendant to engage in illicit sexual relations formed a part of the contract relied upon by her as the basis for the recovery, the contract was void as being based upon an illegal and immoral consideration (*Postelle* v. *Rivers,* 112 *Ga.* 850, 38 S. E. 109; *Watkins* v. *Nugen,* 118 *Ga.* 375 (5), 45 S. E. 260); and "Neither a court of law nor a court of equity will lend its aid to either party to a contract founded upon an illegal or immoral consideration." *Bryson* v. *Keith,* 186 *Ga.* 616 (199 S. E. 110). See also *Jones* v. *Dinkins,* 209 *Ga.* 808 (76 S. E. 2d 489); *Bloodworth* v. *Gay,* 213 *Ga.* 51 (2) (96 S. E. 2d 602). The trial judge did not err in directing a verdict for the defendants, or in thereafter denying the plaintiff's motion for a new trial.

 *Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 13, 1957—DECIDED JANUARY 10, 1958.

R. B. *Pullen,* for plaintiff in error.
Bruce B. *Edwards,* W. *Pat Roberts,* contra.