## 32471. REHAK v. MATHIS.

BOWLES, Justice.

This is an appeal from an order of the Superior Court of Floyd County granting appellee's motion for summary judgment.

The appellant, Hazel Rehak, filed an action in equity against the appellee, Archie Mathis, and in her complaint alleged that the parties, in 1957, had jointly purchased a home in Floyd County, Georgia. For the first two years, 1957 and 1958, she paid *all* installment payments upon the home. From 1959 through February of 1975, the appellant and appellee each made one-half of the monthly installment payments on the house. The complaint further alleged that both parties lived and cohabited together in the house for 18 years, during which time, appellant alleged she "cooked for, cleaned for, and in

general cared for the comforts, needs, *and pleasures* of the [appellee] . . . while they cohabited together." The appellant alleged that on numerous occasions the appellee told her that the house belonged to them jointly and that for the rest of her life he would support and take care of her and her financial needs.

In December of 1975, the appellee moved out of the house and told the appellant to vacate the home. The appellee refused to pay her anything for her purchase money interest in the house or for the services rendered to the appellee over the 18-year-period during which they cohabited.

The appellant, in January of 1976, filed a verified petition for divorce against appellee in the Superior Court of Floyd County, wherein the appellant admitted that she cohabited with the appellee for 18 years. Following repeated hearings and negotiations between the parties, the appellant filed a motion to dismiss the divorce action with prejudice. The court entered an order dismissing the complaint, said dismissal to affect the question of marriage only and in no way to affect any future civil suit of equitable action by either party against the other.

Following the dismissal, the appellant brought the present equitable action seeking an award of $100 a month for the 18 years that she lived with and took care of the needs of the appellee and additionally sought exclusive title and possession to the house in Floyd County.

Subsequent to the filing of the complaint a motion for summary judgment was made by the appellee, which motion was supported by a brief. The appellant filed no response to appellee's motion. The court entered an order granting the appellee's motion for summary judgment for reason that there was no genuine issue as to any material fact and, therefore, appellee was entitled to judgment as a matter of law. The appellant appeals that order.

Summary judgment will be granted only where there is no issue as to any material fact, and as a *matter of law* the moving party is entitled to a judgment. Code Ann. § 81A-156 (c). When a defendant makes a motion for summary judgment under the provisions of the Civil Practice Act, which motion is supported by affidavits,

depositions, or other evidentiary matters, showing a prima facie right on the part of the defendant to have a summary judgment rendered in his favor, the duty is then cast upon the plaintiff to produce rebuttal evidence at the hearing thereof, by the introduction of depositions, affidavits, or other evidence sufficient to show to the court that there is a genuine issue of fact to be decided by the jury. *Stephens County v. Gaines,* 128 Ga. App. 661 (197 SE2d 424) (1973); *Bussie v. Wilson,* 114 Ga. App. 298 (151 SE2d 186) (1966).

In the instant case, the appellee moved for a summary judgment contending "the pleadings in this case conclusively show that all property and monetary claims asserted thereon are based upon a meretricious relationship, which claims are not recoverable because contrary to the public policy of this State."

It is well settled that neither a court of law nor a court of equity will lend its aid to either party to a contract founded upon an illegal or *immoral consideration.* Code Ann. § 20-501; *Wellmaker v. Roberts,* 213 Ga. 740 (101 SE2d 712) (1958); *Watkins v. Nugen,* 118 Ga. 372 (45 SE 262) (1903).

The appellee's motion for summary judgment was supported by the verified pleadings in the former complaint for divorce between the parties, and the pleadings in the present case. The parties being unmarried and the appellant having admitted the fact of cohabitation in both verified pleadings, this would constitute immoral consideration under Code Ann. § 20-501, and it was appellant's duty to come forward and introduce evidence which would rebut that conclusion. Appellant having failed to introduce *any* rebuttal evidence sufficient to show to the court that there was a genuine issue of fact to be decided, it was not error for the court to grant summary judgment in favor of the appellee.

*Judgment affirmed. All the Justices concur, except Hall and Hill, JJ., who dissent.*

SUBMITTED JUNE 24, 1977 — DECIDED SEPTEMBER 7, 1977.

*Patton & Hoyt, Wade C. Hoyt, III,* for appellant.

*Cook & Palmour, A. Cecil Palmour, Bobby Lee Cook,* for appellee.

HILL, Justice, dissenting.

Courts normally do not deny judicial relief to sinners. If that were the rule, the case load in all courts would be drastically reduced. Courts normally do not deny judicial relief where both plaintiff and defendant have been immoral. If that were the rule, the divorce rate would be reduced.

What courts invariably do is refuse to enforce a contract where, as the majority says, the contract is "founded upon" an illegal or immoral consideration; i.e., where the consideration for the contract is the agreement by one or both parties to perform an illegal or immoral act. Thus, where a man and woman have contracted with each other to cohabit together illegally, a court will not require the woman to perform her promise nor will it require the man to pay for her services. However, where a man hires a maid to clean house for him, his obligation to pay wages is enforceable in court even though he seduces her. The difference is that in the former case the illegal conduct is part of the consideration for the contract whereas in the latter case the illegal conduct is not part of the consideration but is incidental to the contract. I do not find evidence that the female in this case agreed to make house payments in consideration of the male's promise to seduce her or to cohabit with her illegally.

In the case before us, the movant has not carried the burden on a movant for summary judgment of showing that sex was any part of the consideration of this alleged contract. This court has simply presumed that sex was agreed to. We will not guess at the terms of contracts in other cases but here we knowingly imagine what the terms of this agreement were. In my opinion we should not use conjecture to imagine what the parties agreed to do.

Let the defendant state under oath what he says was agreed to and what he says was done and if the contract be illegal let the district attorney represent the state. This court should not deny relief to the plaintiff based on our inference as to what constituted the consideration for the

alleged agreement sued on here. I therefore dissent.

I am authorized to state that Justice Hall joins in this dissent.