70712. LILES v. STILL.
(335 SE2d 168)

CARLEY, Judge.

Appellant filed a complaint naming appellee as defendant. The complaint alleged that the parties executed a lease agreement for an apartment, and that appellee was indebted to appellant for one-half of the total rent for the duration of the lease and one-half of the utilities for the month in which appellee had moved out of the apartment. Appellant's complaint also included a second count seeking damages for personal injuries sustained as the result of an alleged intentional tort committed by appellee. Following a trial, the jury returned a verdict for appellee. Appellant appeals.

1. Appellant has filed a motion to transfer her appeal to the Supreme Court of Georgia, contending that the constitutionality of a law has been drawn in question. See 1983 Ga. Constitution, Art. VI, Sec. VI, Par. II. However, appellant does not state which statute she challenges. Moreover, the constitutionality of no statute was ruled upon by the trial court. See *Turk v. State Hwy. Dept.*, 226 Ga. 245, 246 (2) (174 SE2d 791) (1970). "Jurisdiction is not vested in the Supreme Court merely because it is contended that a judgment is contrary to some provision of the constitution; in such a case jurisdiction is vested in the Court of Appeals." *Rowland v. State*, 199 Ga. 340 (34 SE2d 577) (1945). Therefore, "[n]o law of the State of Georgia being attacked as unconstitutional, and no construction of any provision of the constitution of this State or of the United States being directly involved, the Court of Appeals, and not the Supreme Court, has jurisdiction of the present case." *Maner v. Dykes*, 183 Ga. 118, 121-122 (187 SE 699) (1936).

2. Appellant enumerates as error the giving of the following jury

charge: "[T]he law will not enforce a contract founded upon an immoral consideration. Unmarried cohabitation would constitute immoral consideration." The contested charge is a correct statement of the law. See OCGA § 13-8-1; *Rehak v. Mathis*, 239 Ga. 541 (238 SE2d 81) (1977). The sole issue is whether the charge was authorized under the evidence adduced in the instant case. " '[A] charge is proper if there is any evidence authorizing it. [Cit.]' [Cit.]" *Jackson Atlantic, Inc. v. Wright*, 129 Ga. App. 857, 863 (201 SE2d 634) (1973).

The rule of OCGA § 13-8-1 "has been held inapplicable where the *object* of the contract is not illegal or against public policy, but where the illegality [or immorality] is only collateral or remotely connected to the contract. [Cit.]" (Emphasis supplied.) *Shannondoah, Inc. v. Smith*, 140 Ga. App. 200, 202 (230 SE2d 351) (1976). A simple agreement between parties to share *living expenses* is not a per se illegal or immoral contract. The immediate consideration for the agreement in the instant case was the mutual exchange of promises to pay one-half of the rent and utilities. However, the evidence would also authorize a finding that the ultimate agreement as to sharing living expenses arose directly out of the parties' *original* agreement that they would find an apartment and live there together, the object being from the outset that the apartment to be rented would be the site of their meretricious rather than platonic relationship. See *Wellmaker v. Roberts*, 213 Ga. 740 (101 SE2d 712) (1958). " 'Where a contract grows *immediately out of*, and *is connected with*, an illegal or immoral act, a court of justice will not lend its aid to enforce it . . . But if the promise be *entirely disconnected* with the illegal act, and is founded on a *new consideration*, it is not affected by the act. . . .' [Cit.]" (Emphasis supplied.) *Mechanics Realty & Improvement Co. v. Leva*, 16 Ga. App. 7, 8 (2) (84 SE 222) (1914). When an agreement arises in the context of a meretricious relationship, " '[t]he test' . . . 'always is, does it appear by the contract itself, or was there any understanding of the parties, *though not expressed*, that the intercourse was to continue?' " (Emphasis supplied.) *Smith v. DuBose*, 78 Ga. 413, 432 (3 SE 309) (1887). A contract founded upon a promise to live in the future in a meretricious state is void. See *Watkins v. Nugen*, 118 Ga. 375 (5) (45 SE 260) (1903).

Any change in the law's consideration of a meretricious relationship to be immoral (*Rehak v. Mathis*, supra) or illegal (OCGA § 16-6-18) is beyond the power of this court to effect. We can only address the contractual consequences of the existence of such a relationship between the parties in the instant case. Insofar as appellee's liability to his lessor on a lease agreement is concerned, his meretricious relationship with appellant would be a mere collateral factor and afford him no defense in an action for rent. However, as between the parties themselves, there being some evidence of a pre-existing agreement to

form a meretricious relationship, the subsequent specific agreement regarding the expenses necessary to the very establishment of that agreed-upon relationship would not be merely collateral thereto. *Watkins v. Nugen,* supra; *Wellmaker v. Roberts,* supra. We cannot say, as a matter of law, that the evidence in the instant case would *not* authorize a jury to find that the parties' specific agreement regarding living expenses to be incurred in connection with their state of unmarried meretricious cohabitation was founded upon or grew immediately out of immorality or illegality within the meaning of OCGA § 13-8-1. Accordingly, the trial court did not err in giving the contested charge.

3. Appellant enumerates as error the admission of evidence relating to the existence of a sexual relationship between herself and appellee. As discussed in Division 2 of this opinion, the connection between unmarried meretricious cohabitation and the underlying agreement could be found to be a viable defense to appellant's contract action against appellee. It necessarily follows that evidence as to the existence of that defense was relevant and admissible.

4. Remaining enumerations need not be addressed.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 17, 1985.

*Daryl G. LeCroy,* for appellant.
*William P. Rowe III,* for appellee.