## 74207. SAMPLES v. MONROE.
### (358 SE2d 273)

McMurray, Presiding Judge.

This action arises from the unmarried cohabitation of plaintiff and defendant for a period of approximately 14 years. Following the separation of the parties defendant established a residence with another woman.

Plaintiff alleges that during the period of cohabitation (1968-1982) she provided defendant with a residence, food, utilities and "paid all the necessary living expenses" for defendant, based upon the promises of defendant that his earnings would be saved for their mutual benefit. Plaintiff further alleges that the promises and statements of defendant made at the inception and during the course of their cohabitation were intentionally made to deceive plaintiff, resulting in the unjust enrichment of defendant and causing plaintiff to suffer monetary loss and mental pain and suffering. Based on theories of contract and fraud, plaintiff seeks the value of her services rendered defendant, a recovery of one-half of defendant's savings, exemplary damages, attorney fees, and costs.

Following discovery, the superior court granted defendant's motion for summary judgment. Plaintiff appeals the grant of summary judgment in favor of defendant. *Held*:

Insofar as plaintiff's action is predicated upon contract principles, it is barred by OCGA § 13-8-1, which provides in part that: "A contract to do an immoral or illegal thing is void." Plaintiff's deposition acknowledges that sex had always been part of her relationship with defendant, that sex was a part of what she furnished defendant and that defendant probably would not have moved in with her had she indicated to him that she wasn't going to give him any sex. Plaintiff's arrangement with defendant is further illustrated by the following excerpt from her deposition: "Q. Alright. Let me see if I've got this straight now. When he moved in with you, you told him that you'd render all the services to him that a wife would render to a husband, including sex. A. Yes sir. Q. And including takin' care of him? A. Yes. Q. If in consideration for that, if he'd save his money and he'd put it into an account where you two would have a nest egg where you could retire early? A. That's right." In Georgia, sexual intercourse outside of marriage is a criminal offense. See OCGA § 16-6-18. "It is well settled that neither a court of law nor a court of equity will lend its aid to either party to a contract founded upon an illegal or *immoral consideration* [OCGA § 13-8-1]; *Wellmaker v. Roberts*, 213 Ga. 740 (101 SE2d 712) (1958); *Watkins v. Nugen*, 118 Ga. 372 (45 SE [260]) (1903)." *Rehak v. Mathis*, 239 Ga. 541, 543 (238 SE2d 81).

Plaintiff's reliance on *Liles v. Still*, 176 Ga. App. 65 (335 SE2d

168), is misplaced as the uncontradicted evidence shows that plaintiff's arrangement with defendant envisioned a meretricious relationship rather than a simple agreement to share living expenses. "A contract founded upon a promise to live in the future in a meretricious state is void. See *Watkins v. Nugen*, 118 Ga. 375 (5) (45 SE 260) (1903)." *Liles v. Still*, 176 Ga. App. 65, 66, supra. Additionally, even if some portion of plaintiff's testimony may be construed as presenting evidence that sex was a collateral aspect of her relationship with defendant, the absence of any explanation of the self-contradictory nature of her testimony would require that it be construed most strongly against her. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 28 (1) (343 SE2d 680).

Insofar as plaintiff's action is predicated on a theory of fraud and deceit, it must fail. In the case sub judice, plaintiff alleges that she was misled by defendant's promises that his savings would be used by both of them in the future. However, actionable fraud cannot be based on statements and promises as to future events. See *Bentley v. Nat. Bank of Walton County*, 175 Ga. App. 732, 733 (1) (334 SE2d 331); *Beard v. McDowell*, 174 Ga. App. 793, 794 (2) (331 SE2d 104). The trial court did not err in granting defendant's motion for summary judgment.

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED MAY 22, 1987 —
REHEARING DENIED JUNE 3, 1987.

*Joe L. Anderson*, for appellant.
*Larry Cohran, Fletcher Thompson*, for appellee.