A94A0063. LONG v. MARINO et al.
(441 SE2d 475)

BIRDSONG, Presiding Judge.

Vicki Long filed suit against Eugene A. Marino and the Catholic Archdiocese of Atlanta, alleging tort and breach of implied contract in that Marino, as Archbishop and agent of the Catholic Archdiocese, breached his duty as priest/counselor to her by taking advantage of her susceptible state and sexually abusing her, and that he married her and cohabited with her under an implied duty to provide financial support in return for her agreement to live with him and maintain sexual relations. The trial court granted defendants' motions for summary judgment to dismiss on grounds that the statute of limitation for tortious injury had lapsed, and that the claim under an implied contract is illegal and unenforceable. Long appeals. *Held*:

1. The trial court did not err in granting defendants' motions for summary judgment on the tort claim. Appellant testified in deposition that the last occurrence of the alleged sexual abuse was on April 30, 1990. This suit was filed November 3, 1992. This suit was not brought within two years after the cause of action accrued, as required by OCGA § 9-3-33.

Appellant contends the statute of limitation was tolled by her inability to serve Marino with a previous suit raising these claims, because of his removal from the state beginning April 30, 1990. See OCGA § 9-3-94; *Smith v. Griggs*, 164 Ga. App. 15 (296 SE2d 87). However, the record shows appellant was aware in May 1991, that

Marino was living at a certain address in Michigan. Appellant does not contend this information was incorrect or that she could not serve him with the prior suit in May 1991, when she learned of his location; the dismissal of her prior suit on August 17, 1992, was not caused by her inability to locate him for service, but by her failure to serve him while knowing of his whereabouts. The statute of limitation was not tolled by his absence from the state because service of the prior suit raising this claim was not impossible. *Railey v. State Farm &c. Co.*, 129 Ga. App. 875 (201 SE2d 628).

2. The grant of summary judgment to both defendants on the count for breach of implied contract was correct.

(a) Appellant contends there was an implied contract between Marino and herself, based on Marino's agreement to support her in exchange for her agreement to cohabit with him and provide sexual relations. This agreement was unlawful. " '(T)he law will not enforce a contract founded upon immoral consideration. Unmarried cohabitation would constitute immoral consideration.' " *Liles v. Still*, 176 Ga. App. 65, 66 (335 SE2d 168). "In Georgia, sexual intercourse outside of marriage is a criminal offense. [Cit.] 'It is well settled that neither a court of law nor a court of equity will lend its aid to either party to a contract founded upon an illegal or *immoral consideration.*' " *Samples v. Monroe*, 183 Ga. App. 187 (358 SE2d 273); see *Rehak v. Mathis*, 239 Ga. 541, 543 (238 SE2d 81). Meretricious sexual relationships are by nature repugnant to social stability, and our courts have on sound public policy declined to reward them by allowing a money recovery therefor.

(b) Appellant asserts that the implied contract was based on a legal marriage between Marino and herself. She contends there is no contradiction of her assertion in affidavit that on December 27, 1988, she and Marino flew to New York and were "officially married." However, appellant has failed to cite to us in the record any marriage license or certificate or any other evidence of an "official" marriage.

In the circumstances of this case appellant's assertion that she and Archbishop Marino were married in common law cannot be sustained. The basis of a common law marriage in Georgia is the inference of marriage based on proof of cohabitation and the parties having held themselves out to the world as husband and wife; such proof may be made by general repute among neighbors and others in a position to know the facts; " ' "[the] presumption . . . from connubial habit is one of the strongest known to the law, and is to be repelled only by clear evidence." ' " *Brown v. State*, 208 Ga. 304, 306 (66 SE2d 745); *Simeonides v. Zervis*, 127 Ga. App. 506, 508 (194 SE2d 324). The clear evidence is that Marino and appellant could not marry, and could not cohabit and hold themselves out as husband and wife, while he was a Catholic Archbishop. A party seeking to prove a common

law marriage founded on cohabitation must show every element necessary to the validity of a marriage by proving not only that the marriage was consummated, but that the alleged spouse was single and possessed every other qualification for a valid marriage. *Addison v. Addison*, 186 Ga. 155 (197 SE 232). Notwithstanding whether Marino's religious employment would have prevented him from entering a valid legal marriage (of which there is no documentary evidence), Marino did not possess the qualifications for a valid common law marriage in praesenti (*Hubbard v. State*, 145 Ga. App. 714 (244 SE2d 639)) while he was a Catholic Archbishop.

3. Since Marino had no obligation under an implied contract with appellant, his employer the Catholic Archdiocese cannot be liable. Even if there were an implied contract between Marino and appellant, under the statute of frauds the Catholic Archdiocese is not liable for that debt in the absence of a written agreement to assume it. OCGA § 13-5-30 (2).

4. Appellant contends the trial court erred in granting a protective order postponing Marino's deposition until resolution of these motions for summary judgment. The bases for the trial court's correct grant of summary judgments on grounds of a statute of limitation bar to the personal injury claim and on grounds of the illegality and unenforceability of an implied contract to support, cannot be changed by further discovery. The matter of allowing or postponing a deposition is in the trial court's discretion. *Nixon v. Sandy Springs Fitness Center*, 167 Ga. App. 272 (1) (306 SE2d 362). The trial court did not abuse its discretion in postponing this deposition, and we cannot find reversible error in the trial court's grant of a protective order postponing Marino's deposition.

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED FEBRUARY 16, 1994.

*Michael T. Thornton*, for appellant.

*Smith, Gambrell & Russell, David M. Brown, Matthew S. Coles, Kirwan, Goger, Chesin & Parks, P. Bruce Kirwan, Self, Mullins, Robinson & Marchetti, Richard A. Marchetti*, for appellees.