## A00A2461. BROUGHTON v. JOHNSON.
(545 SE2d 370)

ELLINGTON, Judge.

Lenorris Johnson, as administrator of the estate of Arthur James Johnson, Sr., sued Vickie D. Broughton for costs and other damages associated with building a house. Johnson claimed that the decedent acted as general contractor during the construction of Broughton's house and that Broughton wrongfully refused to pay for his services. Johnson moved the trial court to exclude evidence of a three-and-one-half-year affair between the decedent and Broughton, claiming that their "adulterous and/or fornicatious [sic] relationship" was immaterial to any issue presented in the case. The trial court granted the motion, excluding from evidence any reference to the relationship between the decedent and Broughton on the basis that it is "irrelevant and immaterial to any legal defense" available to Broughton. Broughton filed an interlocutory appeal from its order, which this Court granted. Because we find that the evidence of a relationship between Broughton and the decedent is relevant to certain issues presented, we reverse the trial court's order.

In his complaint, Johnson asserted that the estate was entitled to recover for breach of contract or, in the alternative, quantum meruit. Broughton answered and denied that any contract existed between her and the decedent. Broughton also denied liability under quantum meruit.

1. Under OCGA § 13-3-1, the plaintiff in a breach of contract action has the burden of pleading and proving three elements: subject matter of the contract, consideration, and mutual assent by all parties to all contract terms. *Lamb v. Decatur Fed. Sav. &c. Assn.,* 201 Ga. App. 583, 585 (1) (411 SE2d 527) (1991). In this case, Johnson claimed that Broughton expressly agreed to pay for the decedent's services, then refused the decedent's demand for payment. In his motion in limine, Johnson sought to prevent Broughton from claiming that, instead of payment, her consideration for the contract was the promise of "sexual favors," and that she fulfilled her agreement by participating in "a continued sexual affair."

Broughton denies that she ever claimed she traded sexual favors with the decedent in consideration for his efforts as general contractor. Instead, her defense was that no contract for payment existed because she and the decedent were "romantically involved" and he provided his services gratuitously, without expectation of compensation.

(a) Under OCGA § 13-3-45, a promise fails if the consideration given in exchange is illegal in whole or part. See also OCGA § 13-8-1. Fornication (sexual intercourse between an unmarried person and another) is illegal in Georgia, as is adultery (sexual intercourse with

someone other than one's spouse). OCGA §§ 16-6-18; 16-6-19. There-fore, the trial court did not err in precluding Broughton from claiming that the consideration for her alleged contract with the decedent was an "adulterous and/or fornicatious relationship."[1]

(b) Broughton should have the right, however, to present evidence of her relationship with the decedent in order to support her contention that no contract existed between them that required her to pay for his services because the services were provided gratuitously. See also Division 2, infra. In this case, the relationship between Broughton and the decedent is clearly relevant and material to the issue of whether a contract for payment existed. *Southern R. Co. v. Lawson*, 256 Ga. 798, 802 (4) (353 SE2d 491) (1987) (evidence is relevant if it makes the desired inference more probable than it would be without the evidence). Therefore, the trial court erred in precluding Broughton from presenting evidence of her relationship with the decedent in order to demonstrate that no contract existed.

2. Johnson also claimed that, if no express contract existed, then the estate was entitled to recover for the decedent's services under the theory of quantum meruit. See OCGA § 9-2-7.

Quantum meruit lies ordinarily when one renders services valuable to another which the latter voluntarily accepts, raising the implication of a promise to pay the reasonable value thereof. However, *the promise to pay is rebutted if from the facts and circumstances it appears that the services were rendered gratuitously. Whether services were intended to be rendered gratuitously ordinarily is a question for the finder of fact to determine*. Moreover, a recovery on a quantum meruit basis may not be obtained where the services (even if beneficial) are rendered with no anticipation that compensation is to be received. The law will not imply a promise to pay for services contrary to the intention of the parties. There can be no recovery for services rendered voluntarily and with no expectation *at the time of the rendition* that they will be compensated. Under such circumstances no obligation is incurred. A subsequent change of intention by the parties performing the services does not alter the rule.

(Citations and punctuation omitted; emphasis in original and sup-

---

[1] We note that, in his motion in limine, Johnson stated that "[t]he consideration for this contract or agreement was the furtherance of and the facilitation of a sexual relationship between the decedent and [Broughton]." Having ruled that Broughton is precluded from claiming that her sexual relationship was the consideration for the contract, we also hold that Johnson cannot meet his burden of proving the alleged contract by asserting that the relationship established the element of consideration.

plied.) *Smith Dev. v. Flood*, 198 Ga. App. 817, 820-821 (3) (403 SE2d 249) (1991). See also *Brightwell v. Oglethorpe Tel. Co.*, 47 Ga. App. 521, 526 (171 SE 162) (1933) (no presumption of a promise to pay exists if services were rendered under circumstances which repel this presumption).

As noted in Division 1 (b), supra, the relationship between Broughton and the decedent is clearly relevant and material to the issue of whether the decedent intended, at the time he was acting as general contractor, to provide his services gratuitously. See *Southern R. Co. v. Lawson*, 256 Ga. at 802 (4). Accordingly, the trial court erred in precluding Broughton from defending against Johnson's quantum meruit claim by showing the jury that, because of their relationship, the decedent intended to provide his services gratuitously.

*Judgment reversed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 5, 2001.

*Alfred L. King, Jr.*, for appellant.
*Albert B. Wallace, Stephen B. Wallace II*, for appellee.

