## A01A1167. PHILLIPS v. BLANKENSHIP.
(554 SE2d 231)

BARNES, Judge.

Michael Phillips sued his ex-fiancee, Tracy Blankenship, in magistrate court for $2,458.34 he alleged she improperly withdrew from the parties' joint checking account. Blankenship transferred the action to state court, answered the complaint, and counterclaimed for breach of promise to marry, breach of an oral employment contract, conversion of a bed and computer, intentional infliction of emotional distress, and unjust enrichment. She also demanded a jury trial.

After trial, the jury returned a verdict against Phillips on his claim for money from their joint checking account, against Blankenship on her employment contract and conversion claims, and for Blankenship on both her breach of promise to marry claim ($2,525.14) and her unjust enrichment claim ($21,627.97). Phillips appeals, arguing in his first enumeration that the trial court erred in denying his motions for judgment notwithstanding the verdict (j.n.o.v.) or for new trial regarding the breach of promise to marry claim, because the jury should have set off the amount awarded to Blankenship against the money she withdrew from the joint checking account and the money Phillips previously paid her for wedding debts she incurred. He further enumerates as error the trial court's denial of his motions for directed verdict, for j.n.o.v., or for new trial on Blankenship's unjust enrichment count. He argues that her claim was barred because she lived with Phillips, and because no evidence supported her unjust enrichment claim. Finding no merit to these arguments, we affirm the judgment on the verdict.

1. Phillips argues that allowing Blankenship to recover $2,525.14 on her claim for breach of promise to marry, without setting off the money she withdrew from the parties' joint checking account or the money he had already paid her, amounted to an impermissible double recovery.

In considering a motion for a j.n.o.v. or a motion for a new trial, we review the evidence in the light most favorable to the party who

won and who opposed the motion. *Crosby v. Kendall*, 247 Ga. App. 843, 846-847 (2) (545 SE2d 385) (2001). If any evidence supports the verdict, we will affirm the trial court's denial of the motions. Id.

"Breach of promise to marry is a common law contract action," *Thorpe v. Collins*, 245 Ga. 77, 78 (1) (263 SE2d 115) (1980), and Blankenship sought damages of $14,360.14 in her counterclaim for breach of promise to marry, much more than the amount the jury awarded her plus the amount Phillips sought to recover. She testified that she carried a total of $14,152.61 in debt, including $2,525.14 in wedding debts, when Phillips broke off the engagement and ordered her out of the house within two weeks. She had bills totaling $1,482.89 due two weeks after Phillips warned her that if she "touched any more of the money in the account" she would have to leave the house sooner.

The jury found against Phillips in his claim against Blankenship for money she withdrew from the parties' joint account and awarded Blankenship the amount she owed for wedding debts. We cannot say that the trial judge improperly denied Phillips' motions for a j.n.o.v. or a new trial in this regard under the any evidence standard.

2. Phillips next argues that Blankenship's unjust enrichment claim was barred because she illegally cohabitated with Phillips during the two years she claims he became unjustly enriched. Because a contract to do an immoral or illegal thing is void under OCGA § 13-8-1, and having sex without being married is illegal under OCGA § 16-6-18, Phillips contends that Blankenship can recover nothing on her unjust enrichment claim, citing *Samples v. Monroe*, 183 Ga. App. 187 (358 SE2d 273) (1987). However, the plaintiff in *Samples* sought the value of the services she provided to the defendant while living with him, as well as half of his savings, because she had paid all the household expenses for both parties and had sex with the defendant in exchange for his promise to set aside his earnings for their retirement nest egg. Id. The court noted that the parties' arrangement "envisioned a meretricious relationship rather than a simple agreement to share living expenses." Id. at 188.

"Unjust enrichment is an equitable concept and applies when as a matter of fact there is no legal contract, but when the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefitted party equitably ought to return or compensate for." (Citations and punctuation omitted.) *St. Paul Mercury Ins. Co. v. Meeks*, 270 Ga. 136, 137 (1) (508 SE2d 646) (1998). If the consideration for Blankenship's claim for unjust enrichment were based on sexual intercourse between her and Phillips, her claim would fail. *Broughton v. Johnson*, 247 Ga. App. 819-820 (1) (a) (545 SE2d 370) (2001).

However, Blankenship presented three alternative grounds for

recovery on this claim, none of which involve illegal acts. Blankenship contended Phillips was unjustly enriched by: (1) the value of the computer services Blankenship performed which Phillips turned into his employer under his own name and for which he was paid; (2) the increased value to his real property consisting of a finished basement rental apartment; and (3) the payoff of all of his debts but not all of hers.

"The rule of OCGA § 13-8-1 has been held inapplicable where the *object* of the contract is not illegal or against public policy, but where the illegality or immorality is only collateral or remotely connected to the contract." (Citations and punctuation omitted; emphasis in original.) *Liles v. Still*, 176 Ga. App. 65, 66 (2) (335 SE2d 168) (1985). In *Liles*, we held the trial court did not err in charging the jury under OCGA § 13-8-1, but also held that the fact of the parties' cohabitation did not preclude the plaintiff from asserting her claim for one-half of the parties' living expenses. Whether the parties' agreement arose directly from their meretricious relationship or was founded on consideration other than their illegal cohabitation was a jury question. Id. at 66-67.

Blankenship presented sufficient evidence to create a jury question on this issue, and the trial court did not err in denying Phillips' motions for directed verdict, for j.n.o.v., or for new trial on this ground.

3. Finally, Phillips asserts that the trial court erred in denying his motion for directed verdict, motion for j.n.o.v., or motion for new trial on the unjust enrichment claim because Blankenship "failed to prove any amount she was entitled to receive under any possible theory" other than by her self-contradictory testimony.

Under OCGA § 9-11-50 (a) and (b), Phillips' appeal is limited to the specific grounds stated in his motion for a directed verdict. The argument he raises here was not raised in his directed verdict motion during the trial. "A motion for a directed verdict shall state the specific grounds therefor. A ground not mentioned in a motion for directed verdict cannot thereafter be raised on appeal." (Citations and punctuation omitted.) *Grabowski v. Radiology Assoc.*, 181 Ga. App. 298, 299-300 (2) (352 SE2d 185) (1986). Therefore we will not consider it on appeal. *Wehunt v. ITT Business Communications Corp.*, 183 Ga. App. 560-561 (1) (359 SE2d 383) (1987).

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED AUGUST 16, 2001.

*Darel C. Mitchell*, for appellant.
*Anthony M. Zezima*, for appellee.